ALBERT S. HLAS, Administrator, Appellant, v. QUAKER OATS COMPANY, Appellee.

No. 40409.

*Willett & Willett,* for appellant.

*Carl F. Jordan,* for appellee.

GRIMM, J.—On the 23d of August, 1929, the plaintiff filed in the district court of Linn County, Iowa, his petition as administrator, at law, praying for judgment against the Quaker  Oats Company for the sum of $3,000 damages for the death of William A. Hlas. Briefly, the substance of the petition is that the defendant is a corporation for pecuniary profit, owning and operating a mill at Cedar Rapids, Iowa, known as the Quaker Oats Company. Plaintiff's intestate, William A. Hlas, deceased, was, at the time of his death, working at said mills, at electrical labor, as the employee of the defendant company. On the 25th day of June, 1927, while thus employed and assisting in installing an "oil switch" for an electric power circuit, the said Hlas received an injury from which he subsequently died. The petition states that the accident was without any negligence or fault on the part of the said deceased. It is alleged that the accident and injuries were received solely by the negligence and fault of the defendant and its agents; that the deceased was 26 years of age, left no dependents, and was not contributing to the support of his father or mother. It is then further alleged that:

"Under date of July 21, 1927, the Employers' Liability Assurance Corporation, Ltd., voluntarily paid plaintiff the statutory burial expense of $150, in full settlement of burial account, a copy showing said payment and said burial expense paid, being hereto attached, marked Exhibit B, and made a part of this petition."

Said Exhibit B is as follows:

"The Employers' Liability Assurance Corporation, Ltd. RK

"Chicago, July 21st, 1927.

"Pay to the Order of Albert S. Hlas, administrator of the estate of Wm. A. Hlas, deceased, $150.00—Exactly One Hundred Fifty Dollars No Cents—Dollars.

"To National Bank of the Republic, Chicago, Ill. 2-13.

"Countersigned The Employers Liability Assurance Corporation, Ltd. Claim Department Account. By: C. B. Mauer. No. W C 122942 R. Kapsen.

"This check will not be paid if detached from the receipt, or if the receipt is not signed by the payee.

" (George F. Douaire, Manager of Illinois Department, 175 W. Jackson Blvd., Chicago, Ill.)

"Received from The Employers' Liability Assurance Corporation, Ltd., Amount—One Hundred Fifty and No/100 Dollars in full settlement of the following account: AC 353584 C1. 2014 C. 53019 Quaker Oats Co., Emp. Wm. A. Hlas, Injd. 6/25/27. Statutory burial expense $150.00.

| "X indicates what payment is for | | Remaining unpaid. |
|---|---|---|
| "Temporary total disability | 11 | Amt. pd. to date. |
| "Specific loss, dismemberment | 14 | $................. ............. |
| "Specific loss of use | 15 | $................. ............. |
| "Other partial permanent disability | 16 | $................. ............. |
| "Disfigurement | 17 | $................. ............. |
| "Temporary partial disability | 12 | $................. ............. |
| "Total permanent disability | 13 | $................. ............. |
| "Death | 0 | $................. ............. |

"No. W C 122942 Payee sign here: Albert S. Hlas, Administrator estate of Wm. A. Hlas, Deceased.

"On back: Endorse here: Pay to the order of Willett & Willett. Albert S. Hlas, Administrator of estate of Wm. A. Hlas, deceased.

"Pay to the order of 'Tama State Bank.' Willett & Willett.

"Filed: Clerk of Dist. Court, Aug. 23, 8:31 A.M. 29 Linn County, Iowa."

On August 27, 1929, the defendant filed a special appearance, the material portions of which are as follows:

"Comes now the defendants, *appearing specially to the jurisdiction*, and moves the court to dismiss the petition herein filed, for the reasons that:

"A. Petition shows upon its face that the plaintiff is not entitled to the relief demanded.

"B. The petition shows upon its face that plaintiff has no right to maintain this action in the district court of Linn County, Iowa.

"C. The district court of Linn County, Iowa, does not have jurisdiction of the matter involved in the said action." (Writer's italics.)

The court sustained the motion.

Certain sections of the Workmen's Compensation Act (Code, 1927,) are material to this inquiry:

"1363. *Acceptance presumed.* Except as provided by this chapter, it shall be conclusively presumed that every employer has elected to provide, secure, and pay compensation according to the provisions of this chapter for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such cases, the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury.

"1364. *Rejection.* The presumption as stated in the preceding section shall continue and be in force until notice in writing of an election to the contrary shall have been given to the employees by posting the same in some conspicuous place where the business is carried on, and also by filing notice with the industrial commissioner with return thereon by affidavit showing the date and place notice was posted. Any employer beginning business and giving notice at once of his rejection of this chapter shall not be considered as under such provisions, but such employer shall not be relieved of the payment of compensation until thirty days after the posting and filing of such notice with the industrial commissioner.

"1377. *Implied acceptance.* Where the employer and employee have not given notice of an election to reject the terms of this chapter, every contract of hire, express or implied, shall be construed as an implied agreement between them and a part

of the contract on the part of the employer to provide, secure, and pay, and on the part of the employee to accept compensation in the manner as by this chapter provided for all personal injuries sustained arising out of 'and in the course of the employment.

"1380. *Rights of employee exclusive—Presumption.* The rights and remedies provided in this chapter for an employee on account of injury shall be exclusive of all other rights and remedies of such employee, his personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury; and all employees affected by this chapter shall be conclusively presumed to have elected to take compensation in accordance with the terms, conditions, and provisions hereof until notice in writing shall have been served upon his employer, and also on the industrial commissioner, with return thereon by affidavit showing the date upon which notice was served upon the employer.

"1388. *Burial expense.* When death ensues from the injury, the employer shall pay the reasonable expenses of burial of such employee, not to exceed $150, which shall be in addition to other compensation or any other benefit provided for in this chapter.

"1389. *Liability in case of death and no dependents.* When the injury causes death of an employee who leaves no dependents, then the employer shall pay the reasonable expense of the employee's sickness, if any, and the expense of burial, as provided in the last two preceding sections, and this shall be the only compensation; provided that if, from the date of the injury until the date of the death, any weekly compensation shall have become due and unpaid up to the time of the death, the same shall be payable to the estate of the deceased employee."

The statutory provision in reference to special appearance is as follows:

"11088. *Special appearance.* Any defendant may appear specially for the sole purpose of attacking the jurisdiction of the court. Such special appearance shall be announced at the time it is made and shall limit the party to jurisdictional matters only and shall give him no right to plead to the merits of the case."

From the allegations of the petition, including Exhibit B, attached thereto and made a part thereof, and the statutory provisions of the Employers' Liability Act, it very satisfactorily appears that the district court of Linn County, Iowa, had no jurisdiction to try and determine the claims presented in said petition. The appearance in this case was a special appearance, for the purpose of questioning the jurisdiction of the court. It was the first and only appearance made by the defendant to the action, and it is specifically announced that the appearance was special, and to the jurisdiction of the court.

While the errors relied upon for reversal by the appellant are none of them within the requirements of Rule 30, pertaining to procedure in this court, and the decisions construing the same, nevertheless the entire record has been carefully examined. The appellant strenuously contends that the special appearance of the defendant, which is denominated a motion, is not in proper form to comply with Section 11088 of the Code. In the first place, there is no statutory provision for any particular form of special appearance, and this court has said:

"Such being the declared intent and purpose of his appearance, the paper filed by him [defendant] should be given interpretation and construction consistent therewith, if it can fairly be done." *Read v. Rousch,* 189 Iowa 695, and cases cited.

In that case this court cited *Rogers v. Penobscot Min. Co.,* 28 S. D. 72 (132 N. W. 792), and said:

"* * * in determining whether an appearance by a defendant is general or special, the court will look to matters of substance, rather than matters of form."

Further, in the same case, this court has said:

"Nor is this conclusion [special appearance proper] to be avoided because the defendant asked that the action be dismissed."

See, also, *State v. Bitter Root Valley Irr. Co.,* 185 Iowa 60; *Comingore v. Shenandoah Art. I., P., H. & L. Co.,* 208 Iowa 430.

It clearly appears that the defendant herein did not intend to make a general appearance. There is nothing in the special

354

appearance inconsistent therewith.    The court correctly ruled, and the cause must be, and is,—*Affirmed*.

FAVILLE, DE GRAFF, KINDIG, and WAGNER, JJ., concur.

MORLING, C. J. (specially concurring.)—I concur in the result, but do so on the ground that the cause of action attempted to be pleaded is one at common law, by servant against master, for negligence, which, under the pleaded facts, has been abolished.   The legislature has substituted a special right and remedy for enforcement of proceedings before the industrial commissioner.    The right claimed or the remedy here sought is not under the Compensation Law.   Plaintiff's petition shows that the cause of action which he claims does not exist.    The district court, under the Constitution, is a court of general jurisdiction, and has jurisdiction of the subject-matter.    It has jurisdiction also of the defendant.    As I view it, therefore, the question is not one of jurisdiction, but of the existence of a cause of action.

Justice Evans joins in this special concurrence.