EARL A. BRIDGMON, appellant, v. KIRBY OIL INDUSTRIES, INC., of Omaha, Nebraska, and NORTHERN NATURAL GAS COMPANY, of Redfield, Iowa, appellees.

No. 49513.

(Reported in 93 N.W.2d 771)

DECEMBER 16, 1958.

John W. King and Frederick B. Herbert, both of Adel, for appellant.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellees.

THOMPSON, J.—The plaintiff brought his action at law, alleging that on March 25, 1955, he was employed by the defendant Kirby Oil Industries, Inc., and that while engaged in performing his duties as such employee he was injured. He further pleads that at the time the defendant Kirby Oil Industries, Inc., hereinafter referred to as Kirby, was performing certain drilling operations in Dallas County, Iowa, under a contract with the defendant Northern Natural Gas Company. It is alleged this contract provided that Kirby should procure employer's liability insurance covering all of its employees with limits of not less than $100,000 per accident.

Various negligences of the defendant Kirby which caused the accident are pleaded, and specified damages amounting in all to $159,700 are asked. To this petition each defendant filed a special appearance. They are identical, and are based upon the contention that exclusive jurisdiction of the right of compensation of the employee for his injuries is in the Industrial Commissioner of the State of Iowa under the Workmen's Com-

pensation statutes, particularly section 85.20, Code of 1958, which we quote herewith:

"Rights of employee exclusive. The rights and remedies provided in this chapter for an employee on account of injury shall be exclusive of all other rights and remedies of such employee, his personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury; and all employees affected by this chapter shall be conclusively presumed to have elected to take compensation in accordance with the terms, conditions, and provisions hereof until notice in writing shall have been served upon his employer, and also on the industrial commissioner, with return thereon by affidavit showing the date upon which notice was served upon the employer."

The special appearances were supported by affidavits showing that proper proceedings had been had before the Industrial Commissioner, as a result of which the plaintiff was drawing and accepting weekly compensation payments from Kirby's insurance carrier. The trial court sustained each special appearance.

I. It seems to be plaintiff's contention that the agreement between Kirby and Northern was a contract for the benefit of third parties—that is to say, injured employees—and that this in some manner removes the absolute mandate of section 85.20, supra. There is no claim that either the employer or the employee had rejected the Workmen's Compensation Act as permitted by chapter 85 of the Code; and under section 85.17 unless either or both parties have given notice of rejection the provisions of the Act become a part of the contract of employment. The parties are then presumed to have elected to come under the terms of the Act, and "the rights and remedies provided by the statute are exclusive." Doyle v. Dugan, 229 Iowa 724, 727, 295 N.W. 128, 130.

We held in Hlas v. Quaker Oats Co., 211 Iowa 348, 233 N.W. 514, that the provisions of the Act are exclusive and the courts have no jurisdiction to try an employee's claim for negligence of his employer causing an injury in the course of his employment. See also Stricklen v. Pearson Construction Co.,

185 Iowa 95, 97, 98, 169 N.W. 628, 629, and Morgan v. Ray L. Smith & Son, Inc., D. C. Kan., 79 F. Supp. 971, and citations. The language of the statute is clear that the remedy of the employee is exclusively in the jurisdiction of the Industrial Commissioner.

II. Nor are we impressed with the contention that Kirby and Northern made a contract for the benefit of third parties, and so in some manner circumvented the plain provisions of section 85.20, supra. If the contract was for the benefit of injured workmen as third parties—which we do not decide —it would do no more than insure them protection under the terms of the Workmen's Compensation statutes. It inured to their benefit to that extent. Employer's liability insurance is for the protection of the employer against legal claims of employees. It does not increase the liability or create a new one. McGrath Building Co., Inc., v. City of Bettendorf, 248 Iowa 1386, 1393, 85 N.W.2d 616, 620, 621, and cases cited; Royal Insurance Co. v. St. Louis-San Francisco Ry. Co., 8 Cir., 291 F. 358, 361.

Appellant cites and relies upon Sharp v. Foley Bros., Inc., 69 N. Y. S.2d 514, and American District Telegraph Co. v. Kittleson, 8 Cir., 179 F.2d 946. The Sharp case holds only that a claim for an injury occurring outside the State of New York was not barred by the provisions of the New York Workmen's Compensation law's statute of limitations. The Kittleson case was an action by an employee of Armour & Company, who had collected workmen's compensation from Armour for an injury sustained in the course of his employment, against American District Telegraph Company, which was alleged to have been guilty of negligence in causing his injuries. American District Telegraph Company thereupon filed a third-party complaint against Armour, alleging that the accident and injury were in fact caused by Armour's negligence, and asking for judgment over against Armour for any sums recovered against it in the principal action. It was held such an action would lie. But that the court did not hold that Kittleson himself would have had an action in tort against Armour, his employer, is made clear by this statement, on page 951 of 179 F.2d: "Because of the Act [the Iowa Workmen's Compensation Act] Kittleson has

no common-law action in tort against Armour as a result of his injuries [sustained] in the course of his employment." Neither the Sharp nor Kittleson case is in point on the question before us here.

III. We approved the filing of a special appearance and held it good in Hlas v. Quaker Oats Co., supra. There was an apparent difference of opinion in the court at that time as to whether there was a lack of jurisdiction of the subject matter of the action, or merely want of existence of a cause of action. But in either event it was held that the special appearance was well taken. The plaintiff's petition in the instant case shows on its face that the cause of action he asserts does not exist. We hold the special appearances were proper and were properly sustained.

IV. The plaintiff predicates error on the claim that the trial court, in making its ruling, improperly considered the provisions of the contract between Kirby and Northern, which, he asserts, was not before it. The contention is passing strange, since plaintiff pleads and bases his entire case upon certain parts of this same contract. The record does not indicate that the court considered the contract as being before it, and we fail to see how the plaintiff could have been prejudiced if the court had done so.

Other errors assigned have been considered and are found entirely lacking in merit.—Affirmed.

All JUSTICES concur.