HARRY LOWERY, appellant, v. IOWA PACKING COMPANY and SECURITY MUTUAL CASUALTY COMPANY, appellees.

No. 50053.

(Reported in 106 N.W.2d 71)

NOVEMBER 15, 1960.

Davis, Huebner, Johnson, Herring & Burt, of Des Moines, for appellant.

Brody, Parker, Miller, Roberts & Thoma, of Des Moines, for appellees.

GARRETT, J.—In November 1959 plaintiff filed in the district court his petition for commutation of future payments of workmen's compensation. Defendants filed a special appearance attacking the jurisdiction of the district court to grant relief sought. For the purposes of the decision the allegations of plaintiff's petition as to ultimate facts must be taken as true. The trial court sustained the special appearance and dismissed the petition and from that judgment plaintiff has appealed.

I. The appellant states that "the sole question for determination is whether or not the Industrial Commissioner must determine the extent of disability before a commutation proceeding may be had in district court" and that the question appears to be one of first impression, no cases directly in point being cited.

Plaintiff sustained a compensable injury in October 1958 and appellees have been paying him compensation since that time pursuant to a memorandum agreement filed by the appellees on November 3, 1958. He further alleged: "That the period during which compensation is payable in this case can be defi-

nitely determined as the plaintiff is permanently and totally disabled", and "that it will be for the best interests of the plaintiff that the periodical payments of compensation * * * be commuted to a present worth lump sum." A copy of the memorandum agreement was made a part of the petition.

In their special appearance appellees asserted the court had no jurisdiction of the subject matter, stating several grounds, namely, that commutation is allowable only when the period during which compensation is payable can be definitely determined; that the petition showed that no determination of the period had been made by agreement; that the petition did not allege the determination had been made by the industrial commissioner; and that no hearing had ever been held in any way concerning this alleged injury.

Section 85.45 of the 1958 Code of Iowa provides: "Commutation. Future payments of compensation may be commuted to a present worth lump sum payment on the following conditions:

"1. When the period during which compensation is payable can be definitely determined.

"2. When the written approval of such commutation by the industrial commissioner has been filed in the proceedings to commute.

"3. When it shall be shown to the satisfaction of the court or a judge thereof that such commutation will be for the best interest of the person or persons entitled to the compensation, * * *."

■ Assuming the allegation that plaintiff is permanently and totally disabled is true, the question still remains whether or not the industrial commissioner must determine the extent of disability before a commutation proceeding may be had in the district court. Reading subsections 1 and 2 together it is obvious that before the commissioner can file his written approval he must determine the period during which compensation is definitely payable and the amount thereof, and before the court can order commutation the written approval of the commissioner must be on file in the proceedings. It cannot be presumed the legislature intended the commissioner should file his written approval of the commutation without first having determined the present worth lump sum he was approving. The court's

decision is, then, dependent upon the prior determination by the commissioner of the extent of disability.

Section 85.45, providing that future payments of compensation may be commuted to a present worth lump sum, implies that weekly payments are being made by agreement of the parties or pursuant to a decision and order of the industrial commissioner.

In the instant case there was on file a "Memorandum of Agreement as to Compensation", not signed by the appellant but signed by the appellees and approved in writing by a deputy commissioner. The appellant is not complaining of the amount of the weekly payments of $32, but claims, without stating a specific reason therefor, that it will be for the best interests of plaintiff to receive a present worth lump sum pursuant to sections 85.45 and 85.46 of the Code, 1958.

Section 85.46 provides in part: "Proceedings for commutation. A written petition for commutation may be made to the district court in and for the county in which the injury occurred or to any judge thereof, and shall have indorsed thereon the approval of the industrial commissioner. * * *."

These statutes import a complete investigation and determination of the issues by the commissioner before the court takes jurisdiction.

In Scheel v. Superior Mfg. Co., 249 Iowa 873, 879, 89 N.W.2d 377, 381, we said: "It should be kept in mind the approval of the commissioner is a necessary condition to any valid petition or order for commutation." In Reeves v. Northwestern Mfg. Co., 202 Iowa 136, 141, 209 N.W. 289, 291, we stated: "In the absence of the approval of the industrial commissioner, the terms of the stipulation could not be enforced as a commutation of the future payments of weekly compensation."

See also 99 C. J. S., Workmen's Compensation, section 340.

At this point it may be said the record does not disclose that any written approval of commutation by the commissioner has been filed in the proceedings nor that such approval was endorsed on the petition. In his written argument, however, appellant states, in parentheses: "(Although it is not so shown in the written record, the written approval of the petition of

commutation by the industrial commissioner was endorsed upon the petition for commutation and it will be noted that there is no issue in this case as to the approval of the industrial commissioner of the petition for commutation. Neither in the special appearance nor in the ruling on this special appearance does any insufficiency in this regard appear.)"

We are constrained to say that we should have the benefit of a correct record in order to determine the sufficiency of the written approval of commutation by the commissioner.

In its ruling on the special appearance the trial court stated: "2. That one of the conditions precedent to the jurisdiction of this court in commutation cases is that it appear that 'the period during which compensation is payable can be definitely determined.' 3. That under the clear meaning of the statute and the law of the State of Iowa, such a condition exists only where the paying period is definitely determined either by an approved memorandum of settlement agreement or by an award made by the industrial commissioner. 4. Plaintiff alleges neither of the conditions set out in paragraph 3, supra, and it appears in fact that no such conditions have been met."

In Sauter v. Cedar Rapids & Iowa City Railway, 204 Iowa 394, 396, 214 N.W. 707, a memorandum of settlement was made between the claimant and the employer, under which the claimant was to be paid weekly compensation of $15 per week during his disability. At the time such agreement was made, the duration of the disability was undetermined. A dispute arose as to the duration of the disability. The claimant appeared before the court and a judgment was entered in his favor upon the memorandum of settlement. This court said:

"This court finds no provision in the Workmen's Compensation Act which authorizes the lower court to enter judgment against an employer upon a memorandum of settlement which is not in strict accordance with the terms and conditions therein. In the memorandum of settlement in this case, it plainly appears that the duration of the disability of the claimant was undetermined. It was not then within the province of the lower court to determine whether the disability had ceased or had continued. * * * The period during which such payments were to continue was not for the lower court to determine."

In the instant case the fact it was alleged that the plaintiff is permanently and totally disabled is not enough to confer jurisdiction upon the district court.

We cannot sustain the contention that the district court may hear applications for commutation without a hearing on the merits or an agreement between the parties as to the duration of the disability and the amount of the award. To do so would defeat the very purpose and spirit of the Workmen's Compensation law. Litigants would by-pass the commissioner in favor of the courts and the latter would have to determine many issues of fact and law which it is the duty of the commissioner to determine.

In Travelers Ins. Co. v. Sneddon, 249 Iowa 393, 397, 86 N.W.2d 870, 873, we said: "* * * one of our early precedents upon the construction of the Compensation Act, Flint v. City of Eldon, 191 Iowa 845, 849, 183 N.W. 344, 346, says: 'The authority of the industrial commissioner in matters coming within his jurisdiction necessarily involves the right to decide all questions properly arising out of the controversy before him.' And Comingore v. Shenandoah Artificial Ice etc. Co., supra, 208 Iowa 430, 439, 440, 226 N.W. 124, 129, states: '* * * the industrial commissioner is delegated with full authority to act in all compensation matters, * * *.' * * * Of course the commissioner is not a court in the accepted sense. Nevertheless it is clear he is empowered to decide law questions that arise in matters properly before him. His duties are not limited to finding facts."

In the case at bar the "memorandum of agreement" stated the probable duration of disability was one or two weeks. Payments were continued after that period but there was no agreement as to the duration of the disability nor was there any allegation or claim the duration was settled or determined by the parties or by the commissioner. We hold that to confer jurisdiction upon the district court to order a commutation there must first have been an agreement by the parties or a finding and award by the commissioner fixing definitely the period of disability and the amount due in weekly payments.

"The authorities agree that only exceptional circumstances can justify a departure from the general rule of periodical pay-

ments of compensation." Bacon v. United Electric Railways Co., 51 R. I. 84, 86, 150 A. 818, 819, 69 A. L. R. 544, 546, citing cases.

It was proper to raise by special appearance the question of the jurisdiction of the district court to determine the commutation issue. The jurisdiction was expressly limited as above indicated and plaintiff failed to plead all of the facts necessary to confer jurisdiction upon the court.

In Bridgmon v. Kirby Oil Industries, Inc., 250 Iowa 229, 93 N.W.2d 771, this court approved its previous holding in Hlas v. Quaker Oats Co., 211 Iowa 348, 233 N.W. 514, sustaining a special appearance challenging the district court's jurisdiction over a claim held to be within the exclusive jurisdiction of the industrial commissioner.

The commissioner has exclusive jurisdiction in Workmen's Compensation matters until certain conditions are met. The plaintiff failed to allege performance or existence of the conditions necessary to confer jurisdiction upon the district court.— Affirmed.

All JUSTICES concur.