JEANETTE FABRICIUS, administratrix of estate of Thomas E. Fabricius, appellee, v. MONTGOMERY ELEVATOR COMPANY et al., appellants.

No. 50595.

APRIL 3, 1962.

McDonald, McCracken, McDonald & Carlin, of Davenport, for appellant.

Betty, Neuman, Heninger & McMahon, of Davenport, for appellee.

HAYS, J.—This is an interlocutory appeal from a ruling of the trial court overruling a special appearance filed by defendant Insurance Company of North America, a corporation.

Plaintiff's decedent was an employee of defendant Parker Service Company. In 1960 he sustained injuries resulting in his

death, which injuries arose out of and were in the course of his employment. Defendant Insurance Company. is the workmen's compensation insurance carrier for the Parker Service Company and the statutory payments are being made by it.

The instant action is for damages due to alleged negligence upon the part of said insurance company. In Division III of plaintiff's petition it is alleged that the said company, in its policy of insurance, reserved the right to inspect the work places, machinery and equipment, thus to enable it to advise the Parker Service Company so that unsafe conditions could be corrected. Decedent's injuries were sustained by virtue of the unsafe elevator which he was operating. It alleges four specific grounds of negligence upon the part of the insurance company.

The special appearance filed by defendant Insurance Company is based upon two propositions: (1) Exclusive jurisdiction of the right to compensation is vested in the Industrial Commissioner of Iowa under section 85.20, Code of Iowa, and (2) that the liability of said defendant can be no greater than that of the employer.

I. Rule 66, R. C. P., provides: "A defendant may appear specially, for the sole purpose of attacking the jurisdiction of the court * * *. The special appearance shall be in writing * * * and shall state generally the grounds thereof." It is apparent that the alleged lack of jurisdiction is of the subject matter of the action, and does not involve jurisdiction over the person. See also rule 104(a), R. C. P.

Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong. 21 C. J. S., Courts, section 23; 14 Am. Jur., Courts, section 208; Collins v. Powell, 224 Iowa 1015, 277 N.W. 477; Harvey v. Prall, 250 Iowa 1111, 97 N.W.2d 306; Christensen v. Board of Supervisors, 251 Iowa 1259, 105 N.W.2d 102. The instant case is an action for damages based upon alleged negligence of the defendant. There would seem to be little doubt but what the district court had jurisdiction over such subject matter.

The defendant urges upon the court the proposition that plaintiff's rights are limited to the recovery allowed under the act, as is set forth in section 85.20, Code of Iowa. He further

argues that the words in section 85.22, Code of Iowa, "which injury is caused under circumstances creating a legal liability against *some person other than the employer* to pay damages" do not apply here as the employer and the insurance carrier stand in the same shoes. (Italics ours.) While this question was discussed by the trial court, we see no reason to do so. Even if we were to concede the soundness of this contention, it is strictly a matter of defense to the particular factual situation of the instant case and would in no way involve the jurisdiction of the trial court to determine cases of this general class or even of this specific factual class.

The ruling of the trial court was correct and the same should be and is affirmed.—Affirmed.

All JUSTICES concur.