CLARENCE GROVES, appellant, v. EDMUND S. DONOHUE, defendant; FARMERS LOAN & TRUST COMPANY of Sioux City, Iowa, as executor of estate of ARCH F. O'DONOGHUE, deceased, and TRAVELERS INSURANCE COMPANY, a corporation, defendants-appellees.

No. 50656.

(Reported in 118 N.W.2d 65)

414

November 13, 1962.

Whicher, Davis & Yaneff, of Sioux City, for appellant.

Gleysteen, Nelson, Harper, Kunze & Eidsmoe, of Sioux City, for appellees Travelers Insurance Company and Farmers Loan & Trust Company of Sioux City, Iowa.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellee Farmers Loan & Trust Company of Sioux City, Iowa.

THORNTON, J.—Plaintiff in his petition at law alleges negligence and deceit on the part of all defendants. He alleges he was injured in the course of employment on October 7, 1958, and was attended by defendant doctors, their selection as his physicians and surgeons being arranged for at the instance and request of defendant insurance company; that defendant doctors so negligently and unskillfully diagnosed and treated the fractures sustained by plaintiff that his left leg is permanently injured and he is permanently disabled; that defendant insurance company was negligent in its selection of attending physicians, in concealing from plaintiff the fact that one of the fractures to his leg had not been detected in the original diagnosis and the attempt to reduce that fracture after many months delay had not been successful, but had a timely operation been performed a union could have been secured, said defendant having actual notice thereof in April 1960, in not directing the attending physicians to perform timely operations on plaintiff when it had actual notice, and in not advising plaintiff he was in need of further surgery in April 1960; and that plaintiff did not become aware of the failure to properly diagnose and treat his injury until on or about March 9, 1961, and the fact that further surgery had it been timely performed in the year 1960 would have reduced that fracture and lessened his disability, these facts having been fraudulently concealed from him by defendants.

Defendant insurance company filed a special appearance

stating the court has no jurisdiction over defendant insurance company because plaintiff was injured in the course of his employment and it was his employer's workmen's compensation insurance carrier; that exclusive jurisdiction of compensation matters is vested in the industrial commissioner, and that any liability it may have was only by reason of it being the employer's insurance carrier; that it stands in the shoes of the employer; that proper proceeding had been had before the industrial commissioner resulting in a commuted lump sum settlement and dismissal and release by plaintiff of all claims under the compensation act. It sets out section 85.20, Code of Iowa, 1958, and urges it is not a third party under section 85.22, Code of Iowa, 1958. The details were shown by affidavit. Plaintiff resisted the special appearance urging a separate and severable cause of action was alleged, that the action was not between employee and employer, and that a special appearance was not the proper way to raise the defense asserted by this defendant. The trial court sustained the special appearance holding the industrial commissioner has the same jurisdiction over the insurer as over the employer. The trial court did not directly rule on the propriety of raising the matters urged by defendant insurance company by special appearance.

I. The question of the propriety of raising the jurisdictional question by special appearance comes to us in the following manner. Plaintiff urged it in the trial court but did not raise or argue it in his brief and argument. Because of Fabricius v. Montgomery Elevator Co., 253 Iowa 860, 114 N.W.2d 297, defendant insurance company argues the matter pointing out the negligence there alleged caused the original injury or industrial accident and in this case the negligence and deceit alleged aggravated an existing industrial injury. Plaintiff in his reply brief and argument urges the matters raised cannot be raised by special appearance and our holding in Fabricius is controlling. The trial court's ruling entered prior to the Fabricius decision understandably was influenced by our prior decisions where the exclusive jurisdiction of the industrial commissioner was raised.

Rule 103, Rules of Civil Procedure, provides: "Every defense in bar or abatement, or to the jurisdiction after a general

appearance, shall be made in the answer or reply, save as allowed by rule 104. * * *."

Rule 104, Rules of Civil Procedure, provides:

"Exceptions. Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto, if one is required, or if none is required, then at the trial, except that:

"(a) Want of jurisdiction of the person * * * must be raised by special appearance * * *; and want of jurisdiction of the subject matter may be so raised; * * *."

Defendant insurance company is not urging lack of jurisdiction of the person, for its special appearance to be proper the matters urged must show lack of jurisdiction of the subject matter.

Unless there is a difference between this case and Fabricius v. Montgomery Elevator Co., 253 Iowa 860, 114 N.W.2d 297, the sustaining of the special appearance must be reversed.

In the Fabricius case we held the same matters urged here were strictly matters of defense and that such could not be raised by a special appearance.

We do not believe the distinction pointed out by defendant insurance company as above set out in the Fabricius case and this case is decisive.

What jurisdiction of the subject matter means is thoroughly discussed in State ex rel. Cairy v. Iowa Co-Operative Association, 248 Iowa 167, 169, 170, 79 N.W.2d 775, 776, and Christensen v. Board of Supervisors of Woodbury County, 251 Iowa 1259, 1265, 105 N.W.2d 102, 106, in addition to other authorities discussed, each of these opinions sets out with approval the following statement from 14 Am. Jur., Courts, section 160, page 364:

"Jurisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which that particular case belongs, of the nature of the cause of action, and of the relief sought."

A further explanation is found in 14 Am. Jur., Courts, section 161, pages 364, 365:

"Jurisdiction does not relate to the right of the parties as between each other, but to the power of the court. The question

of its existence is an abstract inquiry, not involving the existence of an equity (right) to be enforced or the right of the plaintiff to avail himself of it if it exists. It precedes these questions, and a decision upholding the jurisdiction of the court is entirely consistent with a denial of any equity (right), either in the plaintiff or in anyone else."

To the same effect see 21 C. J. S., Courts, section 23, pages 36 and 37, and section 35(b), pages 44, 45 and 46.

■■ The Cairy and Christensen decisions make it clear the district court has jurisdiction of the subject matter of an action when it has a right to try the general class of cases to which the one then before it belongs. In Fabricius we said there could be little doubt the district court has jurisdiction of negligence actions. This case is a tort action alleging negligence and deceit. Again there can be little doubt the district court, a court of general original jurisdiction, section 604.1, Code of Iowa, 1962, has jurisdiction of such subject matter. Defendant insurance company seeks here to avoid this result by urging as in Fabricius that it stands in the same shoes as the employer. We there held such to be defensive.

The same is true here. Negligence and deceit are the subject matter of this lawsuit, the subject matter is not what plaintiff might have alleged, or what defendant thinks are the true facts. These are defensive matters. The same is true where the claim is made that when the entire legal situation is made clear the trial court cannot grant any relief. Christensen v. Board of Supervisors of Woodbury County, 251 Iowa 1259, 1265, 105 N.W.2d 102, 106.

■ The matters raised by a defendant on a special appearance do not change the subject matter of the action alleged. What defendant insurance company is urging is the industrial commissioner has exclusive jurisdiction because of the fact situation surrounding the happening of the injury and the relation of the parties. This is a jurisdictional question, but not of the subject matter of the action alleged.

Defendant insurance company relies on section 85.20, Code of Iowa, 1962, Bridgmon v. Kirby Oil Industries, 250 Iowa 229, 93 N.W.2d 771, and Hlas v. Quaker Oats Co., 211 Iowa 348, 233

N.W. 514, and urges, as having some bearing, Lowery v. Iowa Packing Co., 252 Iowa 112, 106 N.W.2d 71, and Travelers Insurance Co. v. Sneddon, 249 Iowa 393, 86 N.W.2d 870.

Section 85.20, Code of Iowa, 1962 (the section is identical in the 1958 Code), provides the rights and remedies provided in this chapter for an employee on account of an industrial injury shall be exclusive of all other remedies, and further provides the employee shall be conclusively presumed to have elected to take compensation as provided until notice in writing shall have been served on the employer and industrial commissioner.

Section 85.3, subsection 1, Code of Iowa, 1962, provides:

"1. Except as provided by this chapter, it shall be conclusively presumed that every employer has elected to provide, secure, and pay compensation according to the provisions of this chapter for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such cases, the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury."

Sections 85.4 through 85.15, Code of Iowa, 1962, provide that either or both the employee and employer may reject the provisions of the chapter. Section 85.17, Code of Iowa, 1962, provides where they have not given notice every contract of hire shall be construed as an implied agreement on the part of the employer to pay and on the part of the employee to accept compensation as provided in this chapter for all personal injuries sustained arising out of and in the course of the employment.

It is clear that chapter 85, Code of Iowa, 1962, has taken cases by an employee against an employer for industrial injuries, i.e., personal injuries sustained by an employee arising out of and in the course of the employment, out of the general original jurisdiction of the district court and placed that class of cases exclusively in the jurisdiction of the industrial commissioner and has limited the amount of recovery therefor. Since the enactment of chapter 85 the district court does not have jurisdiction of such subject matter. It should be noted that the area of recovery was extended to include recovery for injuries not the result of negligence of the employer. For the district court to have juris-

diction of such subject matter it is necessary for the employee to allege the rejection of chapter 85 as provided in sections 85.4 through 85.15, or the failure of the employer to insure as provided in section 87.21.

Our decision in Hlas v. Quaker Oats Co., supra, recognizes this. This is also recognized insofar as the case against the employer is concerned in Bridgmon v. Kirby Oil Industries, supra. In each the action was brought by an employee against an employer for damages for industrial injuries. The petitions so stated. The petition in each case shows the district court does not have jurisdiction of such subject matter. This is of course not correct as to defendant Northern Natural Gas Company in the Bridgmon case. As far as the defendant Northern Natural Gas Company was concerned in the Bridgmon case its special appearance was erroneously treated as a motion to dismiss. It was not the employer of plaintiff, it was alleged Kirby, the employer, had a contract with Northern for certain drilling and this contract required Kirby to carry liability insurance on its employees.

In Travelers Insurance Co. v. Sneddon, supra, the propriety of raising the question of the exclusive jurisdiction of the industrial commissioner was not urged or passed on.

In Lowery v. Iowa Packing Co., 252 Iowa 112, 118, 106 N.W.2d 71, 74, we stated, "It was proper to raise by special appearance the question of the jurisdiction of the district court to determine the commutation issue." We cited in support of that statement the Bridgmon and Hlas cases. This holding was error. The action was one for commutation of future payments of workmen's compensation. Section 85.46, Code of Iowa, 1962, provides for the district court to do this very thing. In fact no other tribunal has the power to commute compensation payments except the commissioner where the parties agree in writing to waive presenting the petition to the district court. It was urged that steps "1. When the period during which compensation is payable can be definitely determined." and "2. When the written approval of such commutation by the industrial commissioner has been filed in the proceedings to commute.", required by section 85.45, Code of Iowa, 1962, had not been complied with.

These matters do not go to jurisdiction of the subject matter. Jurisdiction to commute is conferred on the district court by section 85.46, Code of Iowa, 1962. The matters urged were purely defensive, the plaintiff did not make out a case for commutation.

If such defects appear on the face of the petition it would be proper to raise such matters by motion to dismiss, if not, by answer and application to determine the point of law under rule 105, Rules of Civil Procedure.

In a recent case we have approved the use of a special appearance, Price v. Fred Carlson Co., 254 Iowa 296, 303, 117 N.W.2d 439, 443. It was a workmen's compensation case. The claimant filed a petition for review-reopening. The review-reopening was heard by a deputy commissioner. From an adverse decision claimant appealed to the commissioner instead of the district court as provided by section 86.34, Code of Iowa, 1962. The commissioner held the review-reopening decision of the deputy was not reviewable by him. Claimant then appealed such ruling to the district court. Defendant filed a special appearance urging the court had no jurisdiction to review on appeal the industrial commissioner's order and that claimant failed to file a timely appeal from the order of the deputy on the review-reopening. The trial court dismissed the appeal. We affirmed. In so doing, we said in part: "* * * there is no statutory authority in the Workmen's Compensation Act for such a review or appeal. As pointed out above, the statute provides only for a timely appeal from the decision on review-reopening, whether made by the deputy or the commissioner himself. Under this record that was not done. Since the decision rendered by the commissioner was a gratuity and went beyond his jurisdiction, this action on his part we do not believe would create an appealable decison in the district court. It would add nothing toward enlarging the district court's jurisdiction of the subject matter, or extend its limited power to consider only authorized appeals under the Workmen's Compensation Act. Clearly the right claimed or the remedy here sought is under the compensation law. We, therefore, conclude this attempted appeal was subject to attack by special appearance."

A special appearance was held proper on similar grounds in Minnesota Valley Canning Co. v. Rehnblom, 242 Iowa 1112, 49 N.W.2d 553.

This does not leave our cases on the propriety of raising the exclusive jurisdiction of the industrial commissioner by special appearance in hopeless conflict. The question is simply, does the district court have jurisdiction of the subject matter of the action alleged? Fabricius v. Montgomery Elevator Co., 253 Iowa 860, 114 N.W.2d 297; State ex rel. Cairy v. Iowa Co-Operative Association, 248 Iowa 167, 79 N.W.2d 775; and Christensen v. Board of Supervisors of Woodbury County, 251 Iowa 1259, 105 N.W.2d 102.

■ Where a special statute has placed a particular class of cases in the jurisdiction of the industrial commissioner unless certain conditions precedent are alleged, the district court does not have jurisdiction of the subject matter unless the conditions precedent are alleged. Hlas v. Quaker Oats Co., 211 Iowa 348, 233 N.W. 514.

■ Where a special statute places a class of cases in the jurisdiction of the district court, the district court has jurisdiction of that class of cases even though plaintiff's petition shows on its face no relief can be granted or he cannot make out a case because of the particular fact situation. See Christensen v. Board of Supervisors of Woodbury County and State ex rel. Cairy v. Iowa Co-Operative Association, both supra.

■ The cases bearing on the appellate jurisdiction of the district court in compensation matters turn on a different theory. All appeals are statutory and if an unauthorized review is sought no jurisdiction attaches except to dismiss the appeal. See Minnesota Valley Canning Co. v. Rehnblom, supra.

Adverting to the case at hand, it is controlled by the Fabricius case and is therefore reversed.

II. Plaintiff's action against the executor of the estate of the deceased physician was not commenced until November 22, 1961. The executor published notice of its appointment August 7, 1959. Defendant executor moved to dismiss plaintiff's action because it was not filed within the six months provided for filing claims under section 635.68, Code of Iowa, 1958. In his resist-

ance to the motion, plaintiff urged peculiar circumstances entitling him to relief in that he did not become aware of his claim for malpractice until March 9, 1961, that its existence was concealed from him by decedent, no prejudice will result to beneficiaries or creditors because the estate is solvent and unsettled, another similar action is pending against the estate, and decedent carried liability insurance protecting him and the estate from such claims in an amount more than sufficient to cover this claim.

Apparently both parties are consenting to the disposition of this question in this manner. Plaintiff in his resistance admits the facts as stated in defendant executor's motion to dismiss and then alleges the circumstances as above set out. All we can determine is whether the allegations of fact contained in the resistance and plaintiff's petition would constitute peculiar circumstances entitling plaintiff to equitable relief if proved. No evidence has been taken. See Gross v. Hocker, 243 Iowa 291, 301, 51 N.W.2d 466, 471.

Section 635.68, Code of Iowa, 1958, in pertinent part, provides: "All claims not filed as hereinbefore provided, within six months from the giving of the notice aforesaid, will be barred, * * * unless peculiar circumstances entitle the claimant to equitable relief."

Defendant executor does not seriously contend otherwise, and we believe it is clear that peculiar circumstances warranting relief are shown by the allegations of the resistance decedent concealed from plaintiff the existence of the claim for malpractice and plaintiff did not become aware of this until March 9, 1961. As having some bearing, see Cave v. Fahan, 249 Iowa 1374, 92 N.W.2d 434.

In Brewster v. Kendrick, 17 Iowa 479, 481, this court said:

"We are not disposed to recognize any rule or countenance any practice which will tend to retard the speedy settlement of estates. We believe the spirit of the statute accords with the interest of heirs and all those interested in the assets of the estate, in requiring administrators to be prompt and expeditious in the discharge of their duties, and creditors to be diligent in the presentation and establishment of their claims. And yet there may be cases, and the section above quoted recognizes

them, when the delay shall not operate as an absolute bar, and when, to deny the creditor relief, would be manifestly inequitable and unjust. Negligence, however, can never afford a passport to the relief contemplated by the statute. The creditor should be diligent, and the amount of his diligence is always to be measured by the circumstances surrounding him, taken in connection with the condition of the estate, and its administration at the time the relief is sought."

In speaking of this statute we said in Ball v. James, 176 Iowa 647, 659, 158 N.W. 684, 688:

"Such a case as will warrant relief in equity is not contemplated. What is contemplated is that the delay beyond the period fixed by statute for filing claims be so excused and explained as that, when considered in connection with the claim asserted and the condition of the estate, good conscience and fair dealing demand that a hearing on the merits be accorded the claimant."

In determining the condition of the estate and its administration it is proper to take into consideration that the estate is solvent and unsettled, there is liability insurance protecting the estate from loss by reason of this claim, and no one interested will be prejudiced. Also this claim alone will not delay closing the estate as there is another similar action pending, though these matters in themselves do not constitute peculiar circumstances. Railsback v. Buesch, 253 Iowa 1064, 114 N.W.2d 916; In re Estate of Smith, 248 Iowa 857, 82 N.W.2d 737; and Gross v. Hocker, 243 Iowa 291, 302, 303, 51 N.W.2d 466, 471. And it is proper to consider the nature of the cause of action. Ball v. James, supra.

Plaintiff has the burden of pleading and proving diligence or an excuse for not acting with diligence. In re Estate of Ashing, 250 Iowa 259, 93 N.W.2d 587; and Rindfleisch v. Mundt Estate, 247 Iowa 1124, 77 N.W.2d 643, and citations.

The facts presented, here pleaded, if at all justified, should be so construed in connection with the Code section as to effectuate justice. Cave v. Fahan, 249 Iowa 1374, 1380, 92 N.W.2d 434, 438.

The peculiar circumstance consisting of the concealment of

the cause of action from plaintiff until March 9, 1961, is sufficient to allow plaintiff to be heard on the merits if under all the circumstances he acted diligently from that time. His petition shows he was under the care of decedent's associate until June 1961, he is permanently disabled by reason of the loss of use of his left leg, the full extent of his disability is not shown. The cause of action is not only for malpractice but that fact was concealed from him. It is a cause of action that should be heard on its merits.

III. Defendant executor urges plaintiff was negligent, that he has not pleaded diligence or an excuse therefor. It urges this particularly from the time plaintiff became aware of his cause of action. It relies chiefly on Rindfleisch v. Mundt Estate, 247 Iowa 1124, 77 N.W.2d 643; Des Moines Transportation Co. v. Haring, 238 Iowa 395, 27 N.W.2d 210; In re Will of McPheeters, 233 Iowa 199, 8 N.W.2d 588; and our cases bearing on the question collected in 71 A. L. R. 940, 950. See also In re Estate of Ashing, 250 Iowa 259, 93 N.W.2d 587. In the Rindfleisch case we said at page 1129 of 247 Iowa, page 646 of 77 N.W.2d, "This is not a story of diligence." We also observed, "There is no evidence that any of the claimants were incapacitated for any extended length of time." In none of the cases relied on by defendant executor do we find the peculiar circumstance arising from the cause of action being unknown to plaintiff due in part at least to concealment by the decedent as alleged here. Nor do we have continued treatment under the care of an associate of decedent. The extent of plaintiff's incapacity is not shown but the allegation of incapacity in the petition shows it is permanent. The facts alleged, if proved, fully warrant a finding that plaintiff is excused from filing his claim or commencing this action (they constitute the same thing. See Gross v. Hocker, 243 Iowa 291, 301, 51 N.W.2d 466, 471, and citations) before June of 1961. A period of five months and 21 days elapsed before this action was filed November 22, 1961. In Gross v. Hocker, supra, also here on the pleadings, we held a delay of 86 days in filing the claim after it became obvious that was the only course to pursue was not fatal. We there said at page 302 of 243 Iowa, page 472 of 51 N.W.2d, "* * * the reply alleges, in effect, plaintiff acted with reasonable

promptness under the circumstances after his special appearance was sustained. We think this added delay should not at this stage be held fatal to plaintiff's right to equitable relief."

In this case we are in the pleading stage, the condition of the estate is the same as it was in June 1961. The closing of the estate will not be delayed for this case alone, and no prejudice will result to others interested in the estate. Defendant executor contends the allegation at this point is insufficient because it does not show the other assets are exempt. It will be necessary to determine the question of prejudice to others along with the other questions from the evidence produced. We hold the delay of five months and 21 days is not such as we can say under the allegations here show plaintiff was so negligent as a matter of law that his petition should be dismissed. He should be allowed to present whatever evidence he has of peculiar circumstances and his diligence.

IV. The ruling on the special appearance of defendant insurance company is reversed and remanded with directions to overrule the special appearance. The ruling on defendant executor's motion to dismiss is reversed and remanded with directions to overrule the motion.—Reversed and remanded.

All JUSTICES concur except STUART, J., who takes no part.