MARY JANE NELSON, administratrix of estate of Raymond Nelson, deceased, appellant, v. IOWA-ILLINOIS GAS AND ELECTRIC COMPANY et al., appellees.

No. 51845.

JUNE 14, 1966.

Robert L. Ulstad, of Fort Dodge, for appellant.

Davis, Huebner, Johnson & Burt, of Des Moines, for appellees.

GARFIELD, C. J.—This appeal involves the jurisdiction of the district court to hear and determine an action for damages against an employer for death of its employee from an injury sustained in the course of his employment. The court held it was without jurisdiction. We agree.

Plaintiff, as administratrix of the estate of Raymond Nelson, deceased, brought this law action in district court against City Service Oil Company, Inc. (herein called defendant) and another to recover damages for his death. Defendant appeared specially for the sole purpose of attacking the court's jurisdiction on the ground it appears from the petition decedent was injured "while in the employment of defendant" and in the course thereof; by reason of chapters 85, 86 and 87, Code, 1962, the only forum for the trial of issues arising from such injuries as between employer and employee is the the Iowa Industrial Commissioner; the court is therefore without jurisdiction to determine such issues.

The petition contains the allegations the special appearance says it does and further alleges that while working under defendant's direction and control decedent was electrocuted when the boom of a crane operated by another came in contact with a high voltage electric line close to the work, also that the accident and death resulted from defendant's negligence in several particulars, first of which was in not furnishing decedent a safe place and means to perform his work.

After defendant's special appearance was filed but before it was sustained the petition was amended to allege decedent, while in the employment of defendant "either as an employee or as an independent contractor", was electrocuted. Except for the insertion in the petition of these quoted words following "while in the employment of defendant" it was not changed.

Upon this appeal plaintiff contends her decedent was excluded from coverage under the Workmen's Compensation Act because he was an independent contractor; the court had jurisdiction of the part of the amended petition which alleges decedent was an independent contractor; defendant was estopped to contend otherwise because it asserted before the industrial commissioner decedent was an independent contractor; and the

allegation of the petition that decedent was such a contractor must be taken as true.

It is apparent the first two and the last of these contentions involve the sufficiency of the amendment to the petition which alleges in the alternative decedent was injured while in defendant's employment either as an employee or independent contractor.

I.   Defendant's special appearance was evidently filed under Rule of Civil Procedure 66 which provides: "A defendant may appear specially, for the sole purpose of attacking the jurisdiction of the court, * * *. The special appearance shall * * * state the grounds thereof. * * *." Rule 104(a) states want of jurisdiction of the subject matter may be raised by special appearance.

II.   We consider first the sufficiency of the allegation of the amended petition that decedent was injured while either an employee of defendant or an independent contractor. We assume plaintiff was entitled to have her amendment considered although it was filed after the filing of the special appearance. We are satisfied the amendment to the petition adds nothing in legal effect to the original petition.

■ Unquestionably, as defendant concedes, an independent contractor is excluded from coverage under the Workmen's Compensation Act. Section 85.61, subsection 3b, so provides and a great many of our decisions recognize this. Thus if the petition had alleged decedent was injured while acting as an independent contractor the district court would have jurisdiction of the action. But, as stated, the allegation merely is decedent was either an employee or an independent contractor, one or the other. As we shall point out, under our decisions if he was an employee not excluded from coverage by the compensation act the court was without jurisdiction to hear such an action as this. This is the legal effect of the amended petition.

■ In 71 C. J. S., Pleading, section 41, says in black type: "In the absence of a statute or rule of procedure providing otherwise, material facts should not be alleged in the alternative; alternative allegations may be permitted under certain circumstances, although they will be construed against the pleader and

will be treated as no stronger than the weakest alternative." The text adds this (page 111): "In view of these rules, if one alternative is bad, the entire pleading fails. This rule applies where alternative pleading is sanctioned by statute or rules of procedure unless the statute or rule provides that a bad alternative will not affect a good one."

After restating the first of the above quotations, idem section 54c, page 139, adds, "This rule has been held to apply even in jurisdictions where the liberal rule of construction has been adopted."

In 41 Am. Jur., Pleading, section 41, is to like effect. It reads: "Alternative Averments. It is a well-established principle of pleading that the facts constituting the cause of action * * * should be stated by direct averments, and not by averments in the alternative, and, as a general rule, in the absence of statute specifically authorizing pleading in this manner, a violation of this rule vitiates the pleading. A pleading couched in alternative expressions, on demurrer, will be given that construction which is most unfavorable to the pleader, and where any one of the several averments is insufficient, the entire pleading is rendered bad."

A note in Ann. Cas. 1914A 1239 cites many decisions for substantially the rule last quoted.

Cornick v. Weir, 212 Iowa 715, 718, 719, 720, 237 N.W. 245, fully supports the views above expressed. The petition there alleged in the alternative defendant directors of a bank knew or, by the exercise of proper diligence, should have known the custom of the bank to use bonds of its patrons as collateral for its borrowings and that plaintiff's bonds were so used. The opinion thus states the legal effect of the petition:

"* * * When, as in this case, such a pleading is assailed by motion or demurrer, it must be considered as only a pleading of the latter alternative. The plaintiff must be judged by the weaker claim of his alternative pleading. If a demurrer is being considered, the alternative allegation is confessed only as to the weaker charge. The party who demurs only admits that the party 'by the exercise of a reasonable degree of care and prudence might have known'. In other words, the net result of

the plaintiff's pleadings * * * is to charge that the defendants, by the exercise of proper diligence, should have known that the things of which complaint is made existed or transpired." Supporting precedents are cited.

Other decisions which support our holding the amendment here adds nothing in legal effect to the petition as filed include Pier v. Schultz, 243 Ind. 200, 182 N.E.2d 255, 259; Casey Pure Milk Co. v. Booth Fisheries Co., 124 Minn. 117, 144 N.W. 450, 51 L. R. A., N. S., 640; State v. Western Union Tel. Co., 154 Ohio St. 511, 516, 97 N.E.2d 2, 6 ("It is obvious that, where a petition alleges in the alternative two statements of fact, one of which is sufficient to constitute a cause of action and the other is not, a cause of action is not stated."). See also State v. Kinkade, 241 Iowa 1259, 1263, 43 N.W.2d 736, 739.

The many holdings that on a direct attack a doubtful pleading is resolved against the pleader seem, by analogy, to have application here. Eaton v. Downey, 254 Iowa 573, 579, 118 N.W.2d 583, 586, and citations; Hahn v. Ford Motor Co., 256 Iowa 27, 29, 126 N.W.2d 350, 352; Winneshiek Mutual Ins, Assn. v. Roach, 257 Iowa 354, 132 N.W.2d 436, 444.

■ It may be noted the rule that pleading in the alternative is bad does not apply where both pleaded alternatives—the weaker as well as the stronger—state a cause of action, 71 C. J. S., Pleading, section 41; 41 Am. Jur., Pleading, section 41. This exception obviously has no application here.

Considering plaintiff's amended petition in the light of the authorities above referred to, it is apparent the claim decedent was injured while acting as an employee of defendant, in the course of his employment, is weaker than the alternative claim he was then an independent contractor. As before explained, under the decisions cited in Division III, infra, the district court was without jurisdiction to hear the former claim, but not the latter—if it had been pleaded directly. Since the alleged alternative adds nothing in legal effect to the claim made in the original petition, we must hold the special appearance was properly sustained.

We do not overlook the Rules of Civil Procedure to which plaintiff calls attention. Rule 22, the principal one, provides:

"A single plaintiff may join in the same petition as many causes of action, legal or equitable, independent or alternative, as he may have against a single defendant."

This rule is a recognition of a plaintiff's right, long recognized in Iowa, to plead in separate counts more than one cause of action, e.g., one count based on express contract and another on implied contract or quantum meruit. Weaver Constr. Co. v. Farmers National Bank, 253 Iowa 1280, 1291, 115 N.W.2d 804, 810, and citations; Connell v. Hays, 255 Iowa 261, 271, 122 N.W.2d 341, 347. Likewise specific negligence and res ipsa loquitur may be pleaded in separate counts. Eaves v. City of Ottumwa, 240 Iowa 956, 968, 969, 38 N.W.2d 761, 768, 11 A. L. R.2d 1164, and citations.

By the insertion in the original petition of the language of the amendment this plaintiff did not plead a cause of action based on the claim decedent was an independent contractor. In fact she seems to have carefully avoided pleading such a cause of action.

In point is Duncan v. Thompson, Mo. App., 146 S.W.2d 112, 115, 119, an action brought by an injured railroad employee against its trustee. A state statute, comparable to our rule 22, R. C. P., provided, "Either party may allege any fact or title alternatively, declaring his belief of one alternative or the other, and his ignorance whether it be the one or the other." Plaintiff's petition alleged he did not know whether he was engaged along with defendant in interstate or intrastate commerce, but it was one or the other and he verily believed it was the former rather than the latter. With reference to this petition the opinion says (page 119) : "Plaintiff, in his petition, presents an anomaly in pleading. He pleads that his case is either under the Federal Employers' Act, * * * or the Missouri Workmen's Compensation Act, * * *; he does not know which, but believes it is under the Federal Employers' Liability Act.

"This case clearly does not come within the statute authorizing an alternative plea [quoting it as above]. * * *

"Each alternative pleaded in a petition must set out a good cause of action. If pleaded in the answer as a defense it must allege and set out a complete and perfect defense. [citations]

108

"Plaintiff, * * * instead of stating a cause of action, says in effect that he does not know whether he has a cause of action, but thinks he does have. If his claim were within the Missouri Workmen's Compensation Act, then he would not have a common-law cause of action for damages, as a proceeding before the Workmen's Compensation Commission would be his exclusive remedy. [citation] Hence, it is perfectly apparent that plaintiff's cause of action could not be pleaded in the alternative. He either had a cause of action under the Federal Employers' Act or he had no common-law cause of action.

"This would necessitate a reversal of the case but for the fact that the defendant admitted that plaintiff's cause of action, if any, was under the Federal Employers' Act."

So here, plaintiff either had a common-law action for decedent's death as an independent contractor or she had none.

Our conclusion that plaintiff's amended petition is not such as rule 22, R. C. P., permits is clearly implied from the requirement of rule 79 that each separate cause of action or defense must be stated in a separately numbered division (or count) and every pleading shall be separated into numbered paragraphs "each of which shall contain, as nearly as may be, a distinct statement." We have no separate count here and no distinct or direct statement that decedent was an independent contractor.

It is true, as plaintiff argues, a special appearance for want of jurisdiction of the subject matter will not lie under our decisions where the court has jurisdiction of one of the pleaded causes of action but not of all (Sanford Mfg. Co. v. Western Mutual Fire Ins. Co., 225 Iowa 1018, 1023, 282 N.W. 771), or has jurisdiction of part of the action, but not its entirety. Christensen v. Board of Supervisors, 251 Iowa 1259, 1267, 1268, 105 N.W.2d 102, 108; Tice v. Wilmington Chemical Corp., 259 Iowa 27, 141 N.W.2d 616, 627. These decisions do not aid plaintiff since its amended petition pleads a single cause of action of which the court lacked jurisdiction. In fact, the underlying fallacy of plaintiff's argument is its insistence that the addition to the petition of the disjunctive language of the

amendment transformed the action into one over which the court had jurisdiction.

It is true also that the sufficiency of a petition to allege a cause of action of which the court has jurisdiction may not be tested by special appearance. That question goes to plaintiff's right to relief, not to the court's jurisdiction to afford it. Christensen case and citations at page 1266 of 251 Iowa, page 107 of 105 N.W.2d. It must be admitted this distinction has sometimes been overlooked but we do not do so here.

III. Code section 85.20 states the rights and remedies provided in chapter 85 for an employee on account of an industrial injury shall be exclusive of all other remedies and the employee shall be conclusively presumed to have elected to take compensation as provided until notice in writing shall have been served on the employer and industrial commissioner.

Subsection 1 of section 85.3 states: "1. Except as provided by this chapter, it shall be conclusively presumed that every employer has elected to * * * pay compensation according to the provisions of this chapter for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such cases, the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury."

Sections 85.4 through 85.15 provide the employee or employer, or both, may reject the provisions of the chapter by giving the statutory notice to such effect. Section 85.17 states that where such notice has not been given every contract of hire shall be construed as an implied agreement of the employer to pay, and of the employee to accept, compensation as provided in the chapter for all personal injuries arising out of and in the course of the employment.

Groves v. Donohue, 254 Iowa 412, 419, 420, 118 N.W.2d 65, 69, 70, carefully considers the effect of the foregoing statutory provisions and our prior decisions bearing thereon. After quoting or analyzing the statutes, the opinion proceeds:

"It is clear that chapter 85 * * * has taken cases by an employee against an employer for industrial injuries, i.e., personal injuries sustained by an employee arising out of and in

the course of the employment, out of the general original jurisdiction of the district court and placed that class of cases exclusively in the jurisdiction of the industrial commissioner and has limited the amount of recovery therefor. Since the enactment of chapter 85 the district court does not have jurisdiction of such subject matter. * * * For the district court to have jurisdiction of such subject matter it is necessary for the employee to allege the rejection of chapter 85 as provided in sections 85.4 through 85.15, or the failure of the employer to insure as provided in section 87.21.

"Our decision in Hlas v. Quaker Oats Co., supra [211 Iowa 348, 233 N.W. 514], recognizes this. This is also recognized insofar as the case against the employer is concerned in Bridgmon v. Kirby Oil Industries, supra [250 Iowa 229, 93 N.W.2d 771]. In each the action was brought by an employee against an employer for damages for industrial injuries. The petitions so stated. The petition in each case shows the district court does not have jurisdiction of such subject matter."

The Groves opinion then analyzes other precedents in considering the propriety of raising by special appearance such a question as we have here and related ones. This rule is stated as the correct one (page 422 of 254 Iowa, page 70 of 118 N.W.2d): "Where a special statute has placed a particular class of cases in the jurisdiction of the industrial commissioner unless certain conditions precedent are alleged, the district court does not have jurisdiction of the subject matter unless the conditions precedent are alleged. Hlas v. Quaker Oats Co., 211 Iowa 348, 233 N.W. 514."

Sheahan v. Plagge, 255 Iowa 182, 184, 121 N.W.2d 120, 121, was a common-law action to recover for death of a workman the trial court found was fatally injured while engaged in an agricultural pursuit. We held the evidence supported the finding and affirmed recovery. Such a workman is excluded from coverage by the compensation act, as is an independent contractor. At the outset the Sheahan opinion cites Groves v. Donohue, supra, for the statement, "If the decedent is not specifically excluded from workmen's compensation plaintiff cannot recover."

In the present case the only suggestion decedent was not covered by the compensation act is the ineffective allegation in the alternative, as before explained, that he was either an employee or independent contractor.

Fabricius v. Montgomery Elevator Co., 254 Iowa 1319, 1321, 121 N.W.2d 361, 362, 93 A. L. R.2d 591, decided the same day as Sheahan v. Plagge, supra, cited it, Groves v. Donohue, supra, Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 387–389, 101 N.W.2d 167, 173–175, and Code sections 85.1 through 85.21 for the statement: "As between the employee and employer an action for injuries received by the employee arising out of and in the course of the employment is exclusively within the jurisdiction of the industrial commissioner, unless the employee is excluded from coverage or the Act has been rejected."

Fabricius, like Sheahan, was an action to recover for death of an employee. As in the Groves and Bradshaw cases, the court had jurisdiction of the action because it was not against the employer, as the present one is, but against third parties not entitled to the protection of the compensation act and the act does not place exclusive jurisdiction of such action in the industrial commissioner.

■ IV. Plaintiff's third assigned error, that defendant is estopped to contend decedent was not an independent contractor by asserting before the industrial commissioner he was such, is without merit.

Basis for the assignment is a copy of the deputy industrial commissioner's ruling decedent was an independent contractor which is attached to plaintiff's resistance to the special appearance. The resistance does not assert an estoppel against defendant but it is argued here it is estopped to take a position inconsistent with that taken before the commissioner. The petition contains nothing concerning this matter.

We have held the district court was without jurisdiction of the subject matter of the action pleaded in the amended petition.

■ Jurisdiction of a court over the subject matter is conferred by law and cannot be based on the estoppel of a party

to deny its existence. Latta v. Utterback, 202 Iowa 1116, 1118, 211 N.W. 503, and citations; Grubb v. Public Utilities Comm., 281 U. S. 470, 475, 50 S. Ct. 374, 377, 74 L. Ed. 972, 977; Ford v. Industrial Commission of Ohio, 145 Ohio St. 1, 60 N.E.2d 471, 473; 20 Am. Jur.2d, Courts, section 95; 21 C. J. S., Courts, section 109. See also Chicago & N.W. Ry. Co. v. Fachman, 255 Iowa 989, 993, 125 N.W.2d 210, 212, and citations; Industrial Comm. v. Weigand, 128 Ohio St. 463, 191 N.E. 696 (nor on waiver).

Grubb v. Public Utilities Comm., supra, states: "But the appellant does question that it had jurisdiction of the subject matter—and this although at the outset he treated that jurisdiction as subsisting and invoked its exercise. Of course, he is entitled to raise this question notwithstanding his prior inconsistent attitude, for jurisdiction of the subject matter must arise by law and not by mere consent."

V. The time consumed in getting this case to this court was inexcusably long. Decedent's fatal injury was December 1, 1961. This action was commenced August 1, 1963, and decided by the district court December 23. The record on appeal was not filed until May 25, 1965, and appellant's brief was filed March 11, 1966. Appellee's brief was filed May 6, 1966, after the appeal was argued orally. It contains only nine short pages and has been of little help to us. Litigation should proceed more expeditiously than this.

We find no reversible error assigned and argued.—Affirmed.

All JUSTICES concur except BECKER, J., who dissents.