MRS. R. W. REEVES, Appellee, v. NORTHWESTERN MANUFACTURING COMPANY, Appellant.

**MASTER AND SERVANT:** Workmen's Compensation Act—Commutation—When Allowable. Compensation under the Workmen's Compensation Act is "definitely determinable," within the meaning of the statute (Sec. 1405, Par. 1, Code of 1924), and is therefore commutable, when the compensation is for the death of an employee who leaves a widow and a *stepchild under 16 years of age,* even though the widow remarries. (Sec. 1402, Code of 1924.)

**MASTER AND SERVANT:** Workmen's Compensation Act—Commutation—Conclusiveness of Finding. A supported finding by both the court and the industrial commissioner as to the advisability of commuting compensation under the Workmen's Compensation Act is final on the appellate court.

**MASTER AND SERVANT:** Workmen's Compensation Act—Commutation—Approval by Commissioner. A petition for the commutation of compensation under the Workmen's Compensation Act must carry the indorsement of the approval of the industrial commissioner (Sec. 1406, Code of 1924); but this requirement is complied with by attaching to the petition a *copy* of the actual written approval of the commissioner.

**MASTER AND SERVANT:** Workmen's Compensation Act—Unapproved Commutation—Effect. An agreement, under the Workmen's Compensation Act, between an employer and one who was dependent upon a deceased employee, as to commutation of future payments, is not enforcible unless approved by the industrial commissioner.

Headnote 1: Workmen's Compensation Acts C. J. p. 102. Headnote 2: Workmen's Compensation Acts C. J. p. 102 (Anno.) Headnote 3: Work-

men's Compensation Acts C. J. p. 102. **Headnote 4:** Workmen's Compensation Acts C. J. p. 102.

*Appeal from Webster District Court.*—SHERWOOD A. CLOCK, Judge.

JUNE 21, 1926.

Proceedings for commutation of future weekly installments of compensation under the Workmen's Compensation Law. From a judgment for the plaintiff, the defendant appeals.— *Affirmed.*

*Healy & Breen,* for appellant.

*Helsell & Helsell,* for appellee.

VERMILION, J.—The facts are not in dispute. The appellee, prior to her marriage with the deceased, on account of whose death the compensation was awarded, had been married and divorced. She had one child as the fruit of the first marriage, who was, at the time of the hearing, eight years of age. There was no issue of her marriage with deceased. The appellee's child, the stepchild of the deceased, although not living with the appellee and deceased at the time of the latter's death, was in fact dependent upon him for support. Neither the mother nor the child had any means or property. Prior to the institution of this proceeding, compensation under the Workmen's Compensation Law for the death of deceased had been duly awarded to appellee in the sum of $15 per week for 300 weeks.

The only questions presented are as to the right of appellee to commutation of future payments to a lump sum, and the legality of the order granting commutation. The judgment of the court below is questioned on four grounds.

I.   The ground of attack chiefly relied upon is that the period during which the compensation awarded would be payable could not be definitely determined, and therefore commutation could not be made.

1. MASTER AND SERVANT: Workmen's Compensation Act: commutation: when allowable.

Section 1405 of the Code of 1924 provides: "Future payments of compensation may be

commuted to a present worth lump sum payment on the following conditions:

"1.    When the period during which compensation is payable can be definitely determined. * * * "

It is provided in Section 1402:

"When the deceased leaves no dependent children and the surviving spouse remarries, then all compensation shall cease on the date of such marriage."

It is argued by appellant that, since the deceased left no children surviving him, compensation to the plaintiff, the surviving spouse, would cease in the event of her remarriage, and therefore the period during which compensation was payable could not be definitely determined.

But Section 1402 further provides, in part, as follows:

"The following shall be conclusively presumed to be wholly dependent upon the deceased employee: * * * 2. A child or children under sixteen years of age, and over said age if physically or mentally incapacitated from earning, whether actually dependent for support or not upon the parent at the time of his or her death. An adopted child or children or stepchild or stepchildren shall be regarded the same as issue of the body."

In *Davey v. Norwood-White Coal Co.*, 195 Iowa 459, we held that, on the remarriage of the widow of a deceased workman who left also surviving him children under 16 years of age, the right to compensation was not lost. We said:

"There is no provision of the statute which contemplates any change in the compensation awarded to dependents because of the death of the employee, except the one above quoted, wherein the remarriage of the widow is made a ground for canceling compensation if there be no dependent children. Such condition is not met in this case."

In *Kramer v. Tone Bros.*, 198 Iowa 1140, there were a widow and two surviving adopted children under 16 years of age. The widow remarried, and was subsequently divorced. At the time of the second marriage, the widow signed a release, and no payments of compensation were made during the time of the second marriage. After the second marriage was terminated by divorce, on the application of the widow and children the defendant was ordered to pay the remaining unpaid compensation. We said that the full amount of the compensation was due from the de-

fendants unless and until discharged by some statutory exception. In that case the children were adopted. The status of an adopted child is fixed by the same statute that governs in the case of a stepchild. They are both to be regarded the same as issue of the body. Section 1402.

In *Hoover v. Central Iowa Fuel Co.,* 188 Iowa 943, we held that a child under 16 years of age who had a stepfather was not entitled to compensation for the death of the natural father; that, under the statute, there had been a substitution of the stepfather for the natural father; and that the substitution was exclusive.

It is said by appellant that the decision in the *Hoover* case was based on provisions of the statutes then in force, that stepparents should be regarded "in this act" as parents, and a stepchild should be regarded "in this act" the same as issue of the body; and that the words "in this act" are not found in the corresponding provisions of the present statute. Whether this change has limited the scope of these provisions generally, we need not now inquire. It is sufficient to say that the provision that a stepchild is to be regarded as issue of the body is in the same section as that providing that compensation shall cease when the deceased leaves no dependent children and the surviving spouse remarries.

Under the statute, as construed and applied in these cases, there is, we think, no room for doubt that the status of the dependents as such is fixed as of the time of the death of the workman, and is not changed, save as the statute may so provide; that a stepchild is, under the facts here shown, and under the statute, conclusively presumed to be dependent on the deceased at the time of his death, and is to be regarded the same as a natural child, for the purpose of ascertaining whether the period during which compensation shall be paid can be definitely determined. Since the deceased left surviving him as dependents not only a widow, but a stepchild under sixteen, who is to be regarded as his issue, the remarriage of the widow would not operate to relieve the defendant from further payments of compensation, and the period during which compensation would be payable was, therefore, determinable, and no obstacle to commutation is presented on that account.

II. It is urged that the court erred in holding that it was

for the best interests of the claimant that commutation be allowed. On this fact proposition, appellant is confronted by the affirmative findings of both the industrial commissioner and the court below. The finding is not so lacking in support in the evidence that we should interfere. See *Royal v. Hawkeye Portland Cem. Co.*, 195 Iowa 534; *Root v. Shadbolt & Middleton*, 195 Iowa 1225.

**2. MASTER AND SERVANT: Workmen's Compensation Act: commutation: conclusiveness of finding.**

III. It is said that the court below had no jurisdiction, because the approval of the industrial commissioner was not indorsed on the petition for commutation filed in the district court. Section 1406, Code of 1924. It appears that an application was first made to the industrial commissioner for commutation, upon which he indorsed his approval, and that a copy of such application and approval was attached to and made a part of the petition. We have said of the Workmen's Compensation Law:

**3. MASTER AND SERVANT: Workmen's Compensation Act: commutation: approval by commissioner.**

"* * * the court is bound, not to a narrow, technical construction, but rather to a broad and liberal construction, to make effectual the very purposes for which the law was passed." *Bidwell Coal Co. v. Davidson*, 187 Iowa 809.

See, also, *Porter v. Mapleton Elec. L. Co.*, 191 Iowa 1031. We think that the petition herein sufficiently exhibited the approval of the industrial commissioner.

IV. Shortly after the original allowance of compensation, the widow and the defendant entered into a written stipulation, wherein the former agreed to accept $2,000 in full settlement, this sum to include $126.50 doctors' fees and undertaker's bill and $120 previously paid on the weekly compensation, leaving $1,753.50 to be paid in cash. This settlement was presented to the industrial commissioner, and by him disapproved. The weekly payments provided for in the original allowance of compensation amounted in the aggregate to $4,500. The amount awarded in this proceeding for commutation was $3,360, and some $735 had at that time been previously paid in weekly payments.

**4. MASTER AND SERVANT: Workmen's Compensation Act: unapproved commutation: effect.**

By Section 1405, Code of 1924, it is further provided that future payments of compensation may be commuted:

"2.  When the written approval of such commutation by the industrial commissioner has been filed in the proceedings to commute."

There was no attempt to secure the approval of the terms of the stipulation by the district court, save as it is insisted in this proceeding that the amount there fixed should be the limit of any award; although that is also required, except where the parties agree in writing to waive such approval and the application has been approved by the industrial commissioner.  In the absence of the approval of the industrial commissioner, the terms of the stipulation could not be enforced as a commutation of the future payments of weekly compensation.  The parties so recognized; for, on the failure to secure such approval, the weekly payments were continued.

It is suggested that the appellee has remarried since the judgment in the court below.  How this may affect the right to the commuted compensation, as between appellee and the dependent child, is a question not before us.

The judgment is—*Affirmed.*

DE GRAFF, C. J., and EVANS, ALBERT, and MORLING, JJ., concur.