CHARLES DIAMOND, claimant-appellee, v. THE PARSONS COMPANY and AMERICAN INSURANCE COMPANY, appellants.

No. 51267.

(Reported in 129 N.W.2d 608)

916

JULY 16, 1964.

Steward, Crouch & Hopkins, of Des Moines, for appellants.

Davis, Huebner, Johnson, Burt & Fulton, of Des Moines, for appellee.

SNELL, J.—This is an appeal from a district court decree for commutation of Workmen's Compensation weekly payments. The issues involve proceedings before the Industrial Commissioner and two proceedings, apparently tried together, before the district court.

Although not all of the matters are now in issue before us, the background facts from which the problems arose will be summarized.

Claimant, prior to May 12, 1961, was an employee of the Parsons Company in Newton. He was then 65 years old. He had

been a farm and industrial laborer with no particular training or skills. On May 12, 1961, he sustained a fractured and externally injured right leg in the course of his employment.

American Insurance Company was the employer's insurance carrier. On June 1, 1961, the employer and insurance carrier filed with the Industrial Commissioner a Memorandum of Agreement as to compensation. A temporary disability and healing period weekly rate of $32 was admitted. Except for some interruptions this weekly compensation has been paid.

Claimant's recovery was not satisfactory. The external injury to his leg did not heal. A skin graft was taken from his left leg to repair the injury to his right leg. Because of an underlying disease of the blood vessels, poor circulation and enforced bed rest, claimant developed gangrene in his left foot. Various surgical procedures, including the installation of an artificial artery, followed. There was only temporary improvement. Finally, in February 1963, his left leg was amputated. This was subsequent to the hearing before the commissioner, mentioned infra.

On this appeal defendants now concede total permanent disability resulting from the injury.

In September 1962 claimant filed with the Industrial Commissioner an application asking for a hearing and an order determining the extent of the permanent disability resulting from the injury and "to determine the period during which compensation is payable and thereafter make an Order thereof and when said Order has been duly filed to then approve the said Petition for Commutation."

The application recited that claimant was desirous of filing in the district court a Petition for Commutation, and a copy of the proposed petition was attached. Issues were joined. The hearing before the commissioner involved a wide range of issues and evidence. The evidence covered claimant's history, injury, treatment, expenses, previous income, condition, medical prognoses, including life expectancy, need for commutation and what he would do with the money if and when he received it. The inquiry also covered the health and physical condition of claimant's wife and her ability to care for claimant.

On February 28, 1963, the commissioner filed extensive "Findings of Fact and Ruling on Application for Approval of Commutation".

The evidence was reviewed.

It was found and held by the commissioner:

1. "The parties have not waived presentation of the Petition for Commutation to the District Court as provided in section 85.46, Code, but evidence was submitted by both parties to allow the Industrial Commissioner to determine all of the conditions set out in section 85.45, Code.

"Section 85.45 provides:

"1. When the period during which compensation is payable can be definitely determined.

"2. When the written approval of such commutation by the industrial commissioner has been filed in the proceedings to commute.

"3. When it shall be shown to the satisfaction of the court or a judge thereof that such commutation will be for the best interest of the person or persons entitled to the compensation, or that periodical payments as compared with a lump sum payment will entail undue expense, hardship, or inconvenience upon the employer liable therefor."

2. That claimant is permanently and totally disabled.

3. That claimant is entitled to a rate of $37 per week for permanent disability and the employer and insurance carrier were ordered to pay at that rate.

4. That the remaining period during which compensation is payable was at that time 408 weeks. (This was the statutory period of 500 weeks less the number of weeks for which payment had been made.)

5. That claimant's medical and hospital bills having exceeded the statutory maximum of $5000, payment by the employer and insurance carrier on a pro rata basis was ordered. (This was before the Sixtieth General Assembly changed the statute.) A schedule was set out. Defendants were also ordered to pay $239 for ambulance services; "to furnish a nurse for not to exceed four hours a day for three days a week, at a rate not to exceed $1.25 per hour," and some other costs and expenses.

6. "That as provided in section 85.48 a partial commutation of 200 weeks will be for the best interest of the injured employee."

7. Commutation of a period of 200 weeks between the 100th and 300th week or 300th and 500th week, as claimant may choose, was approved for the purpose of the claimant paying medical, hospital and legal expenses, and for the purpose of purchasing a property in Newton. The property was named, but we understand that property was subsequently otherwise disposed of.

On March 26, 1963, the employer and insurance carrier filed notice of appeal from the decision of the commissioner "which decision awarded the claimant permanent total disability at $37 per week for a period of 500 weeks and certain ambulance and medical expense and nursing expense, the grounds of said appeal being as follows:

"1. That the commissioner acted in excess of his powers.

"2. That the facts found by the commissioner do not support the decision.

"3. That there is not sufficient, competent evidence in the record to warrant the making of the decision.

"4. That the decision is contrary to law.

"5. That the decision is contrary to the evidence.

"6. That there is no competent evidence in the record to support the commissioner's decision that the period of disability is determinable and that the claimant is entitled to nursing expense.

"7. That the record evidence establishes conclusively and as a matter of law that the period for which compensation can be paid is not definitely determinable and that there is no present need for nursing services as found by the industrial commissioner."

This appeal was identified in the district court as Law No. 25286½. It was tried and submitted on the record and exhibits. There was no additional evidence offered in connection therewith. Findings of Fact, Conclusions of Law, and Judgment Entry so identified by case number were filed on June 18, 1963.

The judgment entry affirmed the commissioner's order except in the following particulars:

1. Proration of hospital and professional services shall be on the basis of $5000 instead of $4000 and Mercy Hospital shall be paid $1048.75 instead of $48.75.

2. Payment for nursing care shall be at the fair and reasonable rate in Newton rather than a fixed rate as ordered by the commissioner.

3. That the determination of the commissioner for partial commutation was without authority, "or at least nonessential and not binding on the District Court."

4. That defendants shall provide claimant with one permanent prosthetic device when the need is certified by the attending physician competent in the field.

Claimant's left leg had been amputated between the date of the commissioner's hearing and the submission of the appeal in district court.

Defendants appealed to us from the order, decision, judgment and decree in this law action.

On March 11, 1963, claimant filed in the office of the clerk of the District Court as Equity No. 25277 a Petition for Commutation. This petition was filed subsequent to the filing of the commissioner's order but prior to the appeal therefrom to the district court.

Endorsed on the petition was the following:

"I, Harry W. Dahl, in my official capacity as Iowa Industrial Commissioner, do hereby approve the above and foregoing Petition for Commutation, pursuant to Code Sections 85.46 and 85.47 of the Code of Iowa, 1962, on the terms and to the extent set out in my Decision filed in this proceeding on February 28, 1963, and a copy of which has been attached hereto as an Exhibit hereof.

"Signed at Des Moines, Iowa, this 7th day of March, 1963.
"/s/ Harry W. Dahl
IOWA INDUSTRIAL COMMISSIONER".

Issues were joined, evidence was introduced and the case was submitted coincident with the appeal to the district court in the law action.

In the equity case the court filed "Findings of Fact, Conclusions of Law, Judgment Entry and Decree." The evidence was reviewed and the court specifically found that commutation

is to the "best interests" of plaintiff and that commutation should be ordered. The judgment entry computed the amounts past due and unpaid at $37 per week and the commuted value of future installments and ordered full commutation.

Defendants have appealed.

Appellants list "Errors and Propositions Relied on for Reversal", indicating that this submission is both at law and in equity.

■ I. The appeal on the issues properly before and determinable by the commissioner is at law. These issues include the finding of total permanent disability within the meaning of the Workmen's Compensation Act, the rate of weekly compensation, the auxiliary benefits, and the period of disability. There is now no issue on the questions of disability or weekly rate or that the hospital and professional expenses exceed the statutory maximum (found by the court to be $5000) and should be apportioned pro rata.

Appellants challenge the finding that the period during which compensation is payable was definitely determinable.

Conceding total permanent disability compensation is payable during the period of disability not exceeding 500 weeks. Section 85.34, subsection 3, Code of Iowa.

Under section 85.31 the maximum death benefit is 300 weeks and in the event of death from causes not connected with the injury compensation ceases. Appellants accordingly argue that full commutation would require defendants to pay out a large sum for which it might never otherwise be liable because of claimant's early death. Defendants are in effect arguing that the whole procedure is an attempt to build up an estate for claimant's survivors at defendants' expense.

Defendants admit the possibility that any person may die at anytime and concede that a mere possibility of death is not a bar to commutation in the ordinary case. Defendants ask us to adopt, as a guideline for the commissioner and the court, the rule of probability, i.e., determine judicially how long claimant may live. More specifically, defendants seek a ruling that claimant probably will not live long enough to exhaust his weekly payments, and that in such event commutation now would go beyond

the intent of the statute and would be an unwarranted financial burden on defendants.

We will first consider the issues necessarily involved in the hearing before the commissioner and resultantly involved in the appeal at law.

■ II. The question of propriety of commutation is for the court. We will discuss this problem in a subsequent division.

The questions before the commissioner included the cause and extent of disability, the compensation rate and benefits. Total permanent disability has been admitted and there is no issue over the compensation rate. Involved in the question of disability is the period during which compensation is payable. Unless claimant should die before exhausting his benefits the statute fixes the period at 500 weeks. Defendants argue that because of claimant's condition the period cannot be determined to be 500 weeks.

■ This question was initially for determination by the commissioner. In Lowery v. Iowa Packing Co., 252 Iowa 112, 114, 115, 106 N.W.2d 71, we said: "The court's decision is, then, dependent upon the prior determination by the commissioner of the extent of disability." Although a statement in the Lowery case on another point has been overruled in Groves v. Donohue, 254 Iowa 412, 420, 118 N.W.2d 65, the quoted statement has not been challenged.

The commissioner determined the period during which payments were payable to be 500 weeks, less the weeks for which payment had been made.

■ Admitting, arguendo, if death appears imminent, the period during which compensation is payable cannot be definitely determined, it does not follow that the commissioner or the court should speculate on a claimant's life expectancy. That is not what the statute says or means. The statute contemplates a determination of the extent of disability resulting from the injury. When claimant's condition became stabilized he was found to be totally permanently disabled. Under such a finding the statute fixes the period during which compensation is payable.

There is nothing in the statute injecting the question of probable life expectancy in the case before us.

At the time of the hearing before the commissioner claimant had a life expectancy of 12.31 years under the 1958 C. S. O. Mortality Table. That was longer than the period during which compensation was payable. He was not suffering from any terminal illness. There was nothing to indicate that death was imminent or reasonably certain within either period. It is true that claimant's condition was not good. He had circulatory trouble in his legs and generalized atherosclerosis. The doctors were of the opinion that his deterioration might be accelerated by being bedfast most of the time. "The odds are there" that claimant will die sooner than a healthy person of his age. Claimant, himself, recognized this situation and by necessary inference admitted that it was one of the motivating influences in his request for commutation. No one, however, would predict early death or discount the possibility that claimant might outlive his expectancy.

To adopt the rule of probability as urged by defendants would inject into hearings before the commissioner endless speculation not contemplated by our statute.

Under the evidence the commissioner could find that the period during which compensation is payable was definitely determinable and he did so find. He determined the period under the statute.

■ The findings of fact by the commissioner within his powers were binding on the trial court and are binding on us. Sections 86.29 and 86.30, Code of Iowa; Hemker v. Drobney, 253 Iowa 421, 423, 112 N.W.2d 672; Yeager v. Firestone Tire & Rubber Co., 253 Iowa 369, 372, 112 N.W.2d 299.

The commissioner ordered part-time nursing service. On appeal the trial court modified this provision and also ordered the future furnishing of a prosthetic device. We observe in passing that these provisions by the trial court were proper but now ineffective for reasons hereinafter discussed.

III. Section 85.45, Code of Iowa, quoted, supra, in the quotation from the commissioner's ruling, sets out the conditions, and section 85.46 sets out the proceedings for commutation. The provisions are not entirely consistent.

Section 85.45, subsection 1, provides as a condition that the

period during which compensation is payable can be definitely determined. This problem we have discussed, supra.

Subsection 2 provides for the filing of written approval by the commissioner.

Subsection 3 provides that there be a showing "to the satisfaction of the court or a judge thereof that such commutation will be for the best interest of the person or persons entitled to the compensation * * *." This provision clearly places the jurisdiction to make this finding in the court rather than in the commissioner.

Section 85.46 provides that a written petition for commutation may be made to the district court and shall have endorsed thereon the approval of the commissioner. "The court or judge * * * shall hear and determine the matter as a proceeding in equity and render such judgment and decree, granting such commutation in whole or in part or dismissing the petition, as equity will warrant on the facts presented."

The parties may waive the presenting of the petition to the district court in which case if the application is approved by the commissioner he may make an order and file a copy thereof.

In the absence of such a waiver the proceeding for commutation is an original action in equity in the district court and is not an appeal from the commissioner.

We must determine the extent and effect of the provisions for approval by the commissioner when the proceeding is in equity and not by stipulation. Reeves v. Northwestern Mfg. Co., 202 Iowa 136, 141, 209 N.W. 289, and Scheel v. Superior Mfg. Co., 249 Iowa 873, 879, 89 N.W.2d 377, contain language that the approval of the commissioner is a necessary condition to any valid petition or order for commutation. These cases involved a commutation on stipulation before the commissioner and not an original petition for commutation in a court of equity.

In Lowery v. Iowa Packing Co., supra, loc. cit. 114, 115 of 252 Iowa it is said:

"Assuming the allegation that plaintiff is permanently and totally disabled is true, the question still remains whether or not the industrial commissioner must determine the extent of disability before a commutation proceeding may be had in the dis-

trict court. Reading subsections 1 and 2 together it is obvious that before the commissioner can file his written approval he must determine the period during which compensation is definitely payable and the amount thereof, and before the court can order commutation the written approval of the commissioner must be on file in the proceedings. It cannot be presumed the legislature intended the commissioner should file his written approval of the commutation without first having determined the present worth lump sum he was approving. The court's decision is, then, dependent upon the prior determination by the commissioner of the extent of disability. * * *

"These statutes import a complete investigation and determination of the issues by the commissioner before the court takes jurisdiction."

The case actually involved a special appearance and the jurisdiction of the court to proceed prior to any determination of any issues by the commissioner. We said (loc. cit. 117) :

"In the instant case the fact it was alleged that the plaintiff is permanently and totally disabled is not enough to confer jurisdiction upon the district court.

"We cannot sustain the contention that the district court may hear applications for commutation without a hearing on the merits or an agreement between the parties as to the duration of the disability and the amount of the award. To do so would defeat the very purpose and spirit of the Workmen's Compensation law.

"* * * there was no agreement as to the duration of the disability nor was there any allegation or claim the duration was settled or determined by the parties or by the commissioner. *We hold that to confer jurisdiction upon the district court to order a commutation there must first have been an agreement by the parties or a finding and award by the commissioner fixing definitely the period of disability and the amount due in weekly payments.*" (Emphasis added.)

The case is authority for the rule that the commissioner must first find the period of disability and the amount of weekly payments. These are matters within the general jurisdiction of the commissioner and when he has made his finding there is then a

basis for court determination that the period during which commutation is payable can be definitely determined.

IV. In the case before us we do not have the question as to what recourse an applicant might have if the commissioner should refuse to make any endorsement. We are not prepared to say that an applicant would be without a remedy but whether it would be by appeal, mandamus or certiorari we need not determine.

Endorsed on the petition for commutation as filed in the district court was the approval of the commissioner on the terms and to the extent set out in his decision. It was actually an approval of a partial commutation. It was sufficient to get the issue before the court but as said by the trial court was "nonessential and not binding on the District Court * * * [and] the order attempting to establish and approve a partial commutation with an option * * * is without authority * * * and not binding on the District Court * * *."

This is in accord with the statute and Groves v. Donohue, supra.

Unless there is a waiver in writing the power to commute is in the court. The statute (85.45, subsection 3) says: "When it shall be shown to the satisfaction of the court or a judge thereof that such commutation will be for the best interest" of the persons entitled to compensation it may be ordered. Section 85.46 provides that the court or judge shall hear and determine the matter as a proceeding in equity.

In Groves v. Donohue, supra, loc. cit. 420 of 254 Iowa, in speaking of the power to commute we said:

"Section 85.46, Code of Iowa, 1962, provides for the district court to do this very thing. In fact no other tribunal has the power to commute compensation payments except the commissioner where the parties agree in writing to waive presenting the petition to the district court. * * * Jurisdiction to commute is conferred on the district court by section 85.46, Code of Iowa, 1962."

The commissioner made the factual findings necessary as a prerequisite to the filing of a petition for commutation. It was not within the power of the commissioner to limit the court's

power to order commutation or circumscribe the terms thereof. Jurisdiction to determine the propriety of full or partial commutation was in the court.

█ V. The trial court found that commutation was for the best interest of the claimant. Under the statute, section 85.46, the proceeding was in equity. Our review is de novo. Although not bound by them, we give weight to the fact findings of the trial court. Citations unnecessary, see rule 344(f)7, Rules of Civil Procedure.

█ The statute says the court may order commutation when it is shown to the satisfaction of the court or judge that such commutation will be for the best interest of the person or persons entitled to compensation or that periodical payments as compared to a lump sum payment will entail undue expense, etc. on the employer.

The statute says nothing about denying commutation because of expense, hardship or inconvenience to the employer. We have here only the question of the best interests of the claimant.

At the time of his injury in 1961, claimant was 65 years old. He was without skill or experience in the management of property or investments. He had some savings but was indebted for doctor bills and attorney fees. He wanted to use the commuted value of his compensation to pay his bills (a commendable purpose) and buy an equity in a three-apartment house. His plan was to live in one apartment, rent the other two and use the rent to retire the carrying charges. He had sons who expressed a willingness to help in the care of the property and competent counsel to advise him. He was presently living in rented quarters not convenient as to facilities or location.

█ We have in a preceding division refused to adopt the rule of probability as controlling in determining the period during which compensation would be payable in this case. However, in determining the "best interest of the person or persons entitled to the compensation" as required by the statute, claimant's condition and life expectancy may properly be considered along with other matters. Here, under weekly payments, if claimant lives out his expectancy, he will outlive his compensa-

tion period and be left with nothing. If he dies prematurely his total weekly payments may be less than the present commuted value.

Based upon claimant's estimates and desires, the benefits and convenience from improved living quarters, the availability of family help, the testimony of real-estate agents, and all surrounding circumstances, the trial court approved commutation. Whether the court was right in attempting to look into the future only the passage of time will tell. Claimant's plans may not develop as profitably as he hopes but they are not unreasonable. He may invest or spend unwisely but that possibility is present in every petition for commutation.

The court should not act as an unyielding conservator of claimant's property and disregard his desires and reasonable plans just because success in the future is not assured.

Giving to the conclusion of the trial court the weight to which it is entitled we agree that commutation has been shown to be for the best interest of claimant.

VI. In the appeal to the district court from the order of the commissioner (Law Cause No. 25286½) the liability of defendants for compensation and accrued professional and hospital expense was fixed and determined. These were liquidated items subject to computation. The payments due and to become due claimant being subject to computation were subject to commutation.

In addition the trial court ordered payment for future partial nursing service "at the fair and reasonable rate in Newton, Iowa," thus creating an indefinite unliquidated future obligation. The court further provided that "defendants shall provide and fit claimant with one permanent prosthetic device when the need therefor is certified by the attending physician competent in this particular field", thus creating a contingent unliquidated future obligation.

Under circumstances set forth in the statutes payment for nursing service and a prosthetic device may be ordered. Our problem here is not the propriety of such an order on the appeal from the commissioner's ruling, but the effect thereon of the order for full commutation.

.Section 85.46, Code of Iowa, provides that the court shall grant "such commutation in whole or in part" as equity will warrant on the facts presented. Here full commutation was ordered.

Section 85.48 provides for partial commutation with appropriate provisions for future payments.

Section 85.47 provides for full commutation and requires the court to fix a lump sum "which will equal the total sum of the probable future payments capitalized at their present value * * *. Upon the payment of such amount the employer shall be discharged from all further liability * * * and be entitled to a duly executed release * * *."

The trial court's order for commutation (Equity Cause No. 25277) computed and ordered paid the sums due claimant. The court properly determined the issues in that case, i.e., full commutation.

Full commutation under the statute contemplates the computing of determinable obligations and capitalization thereof. Indefinite unliquidated or future contingent obligations are not subject to computation or capitalization within the meaning of this statute and were not mentioned in the court's order for commutation.

Defendants appealed to us but claimant has not appealed.

The trial court's judgment in the law appeal providing for payment up to the statutory limit of accrued hospital and professional expenses involved definite amounts and were ordered paid. We assume they have been paid. In any event the order for these payments is affirmed. These items were not involved in the commutation problem and nothing said herein is intended as a release of defendants' liability therefor.

Under the statute, section 85.47, upon payment of the sums ordered paid in Equity Cause No. 25277, defendants shall be discharged from all further liability and be entitled to a duly executed release and upon filing thereof shall be discharged from all liability "under any agreement, award, finding, or judgment."

The Judgment Entry and Decree in Jasper District Court Cause No. 25277 Equity is affirmed and upon payment of the sums called for therein and the filing of receipt therefor the

judgment in said cause and the judgment in Jasper District Court Cause No. 25286½ Law shall be discharged of record. This will release defendants' liability for future nursing service and liability for a prosthetic device.

In the printed record before us there appears to be in places a typographical error in the identification number of the equity action. We have used the number appearing on the original file.—Modified and affirmed.

All JUSTICES concur except HAYS, J., not sitting.