**SIDLES DISTRIBUTING CO. and
Aetna Casualty and Surety,
Appellants,**

v.

**Robert M. HEATH, Appellee.**

**No. 84–383.**

Supreme Court of Iowa.

March 20, 1985.

As Amended on Denial of
Rehearing April 23, 1985.

Philip J. Willson of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellants.

Sheldon M. Gallner and Timothy A. Scherle of Gallner & Gallner, P.C., Council Bluffs, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, SCHULTZ, CARTER, and WOLLE, JJ.

CARTER, Justice.

The employer and its insurance carrier have appealed from a district court decision upholding a decision of the industrial commissioner commuting workers' compensation benefits previously established. The benefits which were commuted had been established by an order of the commissioner in December, 1981, finding that respondent, Robert M. Heath, was permanently and totally disabled and should receive weekly payments "for the duration of his disability." Upon Heath's application, the commutation of these weekly benefits to a lump sum was made by the industrial commissioner on June 27, 1983.

The challenge to the commutation order, unsuccessfully urged by appellants in the district court, involves two issues. These are: (1) whether respondent's period of disability should be considered to be his life expectancy or his work-life expectancy, and (2) whether in commuting the weekly benefits to a lump sum, based upon an actuarial reduction to present worth, the industrial commissioner should have employed a compound interest factor rather than a simple interest factor.

Respondent worked twenty years for Sidles Distributing Co. prior to sustaining his work-related disability. In seeking commutation, he established that he was forty-seven years of age, had in the past used sound judgment in money management and would use the lump sum to enhance his family's financial security by paying for their home and investing the remainder of the sum. Based upon this evidence, the industrial commissioner found sufficient benefit to Heath, *see* section 85.45(2), to warrant lump sum commutation of respondent's weekly benefits. Commutation was ordered based upon 1482 weeks of disability payments, which was the period of respondent's remaining life expectancy. In actuarially discounting the weekly payments to present worth, a ten percent simple interest factor was employed by the industrial commissioner.

I. *Duration of Disability Payments Under Prior Order of the Industrial Commissioner.*

While appellants treat the first issue on appeal as one relating to the commutation order, we believe that in fact it is governed by the earlier decision fixing the extent and duration of respondent's benefits. The payments which were ordered at that time were payable "during the period of the employee's disability," as provided in

Iowa Code section 85.34(3) (1981). As both parties agree, the length of that period of disability is a determinative factor in computing the proper amount of the lump sum commutation award. *See, e.g., Diamond v. The Parsons Co.,* 256 Iowa 915, 919, 129 N.W.2d 608, 611 (1964); Iowa Code §§ 85.-45, .47 (1981).

The extent of respondent's entitlement to benefits under section 85.34(3), if he had not sought commutation, establishes the period of the employee's disability for purposes of effecting a lump sum commutation. Appellants urge that the order which the commissioner entered in 1981 granting respondent weekly benefits "during the period of the employee's disability," did not establish benefits for life. Rather, they urge that that order should be interpreted as limiting payment of weekly benefits to respondent's work-life expectancy. We find nothing in either the wording or history of section 85.34(3) which suggests such a limitation on the duration for which permanent total disability benefits are payable.

■ Appellants urge that the proposed interpretation is consistent with the policy of our workers' compensation laws that compensation is awarded for industrial disability. This principle, they suggest, requires that benefits be paid only for the duration of that period during which the injured employee might have been expected to continue working. We have recognized that, in determining the extent of disability in workers' compensation cases, the proper measure is industrial disability rather than functional disability. We have said that "age, education, qualification, experience and inability, due to injury, to engage in the employment for which the claimant is fitted" are factors to be considered. *E.g., Doerfer Division of CCA v. Nicol,* 359 N.W.2d 428, 438 (Iowa 1984); *McSpadden v. Big Ben Coal Co.,* 288 N.W.2d 181, 192 (Iowa 1980). We have never suggested, however, that the period during which benefits are to be paid is to be determined by fixing the period of the injured employee's work-life expectancy.

■ In 2 A. Larson, *The Law of Workmen's Compensation* § 57.21 (1983), the author recognizes the concept of injury-produced unavailability for work as a central theme of workers' compensation laws. In the same volume, however, it is recognized that in the case of permanent disabilities this ordinarily means "lasting the rest of claimant's life." *Id.* § 57.13, at 10–25. In *Stovall v. Williams,* 675 S.W.2d 6, 7 (Ky. Ct.App.1984), the court agreed with this conclusion stating: "[It is] incontrovertibly established that an award for so long as the claimant is disabled means that the award is for the claimant's occupational life and that occupational life. is synonymous with physical life." We do not find our own statutes to be inconsistent with this premise.

Iowa Code section 85.45(4) provides:

When a person seeking a commutation is a widow or widower, a permanently and totally disabled employee, or a dependent who is entitled to benefits as provided in section 85.31, subsection 1, paragraphs "*c*" and "*d*", the future payments which may be commuted shall not exceed the number of weeks which shall be indicated by probability tables designated by the industrial commissioner for death and remarriage, subject to the provisions of chapter 17A.

Both appellees and appellants place reliance on this statute in urging their respective positions. Appellee asserts that, because the statute provides for the use of mortality tables in commutation of benefits, it recognizes life expectancy as the period of disability in cases of permanent total disability. Appellants, on the other hand, point out that under the statute life expectancy is stated to be the maximum period of disability which may be considered, thereby implying that a shorter period may be utilized in appropriate cases.

■ Although a casual examination of section 85.45(4) suggests some applicability to the present controversy, further analysis suggests that this statute is intended to deal with a different problem. Prior to its enactment, we had suggested in *Diamond,*

256 Iowa at 923, 129 N.W.2d at 613 that, where weekly disability payments have been ordered for a fixed period of time, that period shall be used to compute the lump sum award in commutation cases even in those instances where life expectancy tables indicate that the claimant will not live to the end of the benefit period. We believe that subsection 4 of section 85.45, enacted in 1973, is aimed at reversing the import of the *Diamond* decision in situations where it is probable that death or remarriage will shorten the length of time benefits are payable.[1] This statute does not purport to establish the criteria under which the length of the benefit period is to be fixed in the first instance nor do we believe that it suggests, even by implication, a legislative recognition of appellants' "work-life" theory.

■ Appellants' proposal for the determination of work-life expectancy is a principle which has only indirect application to commutation cases. Its direct application would be to establish the length of time for which benefits are payable in all cases of permanent total disability. Implementation of this principle would appear to require a separate determination of work-life expectancy in each case of permanent total disability. This would not be a simple matter.[2] Although the thrust of appellants' arguments in support of adopting such a theory are based on the effects of age on earning ability, there are other variables which have to be considered. Industry practices of the employer in whose work the claimant is injured, although a significant factor in such determinations, will not provide a dispositive answer to work-life expectancy because upon termination of employment in one industry, different employment might be available in other industries or occupations depending upon the claimant's skills and physical condition at some unknown future time. Because the concept is complex, difficult to assess, and raises numerous policy considerations upon which the legislature has not expressed itself, we decline appellants' invitation to adopt the concept of "work-life expectancy" by judicial decision.

■ We find no basis for disturbing the commutation ordered by the commissioner on the ground that he did not properly determine the period during which compensation is payable. To the extent that appellants separately argue that as a matter of law such period is not capable of being "definitely determined," we find that argument to be inconsistent with the legislature's approval of the use of mortality tables in making such determinations.

## II. *The Commissioner's Use of a Simple Interest Discount Factor.*

■ The other issue on the appeal involves appellants' challenge to the use by the commissioner of a simple interest discount rate in reducing the sum of the periodic payments to present worth. The commissioner's calculations in the present case employed a discount interest factor of ten percent in accordance with the provisions of section 85.47. While respondent urged in the district court that a five percent discount factor should have been employed because that was the rate which was statutorily prescribed at the time of his injury, the district court rejected that contention and held that the discount rate at the time of commutation was controlling. Respondent has not cross-appealed from the district court's judgment and thus may not urge in this court that the district court

---

1. A benefit period for an injured employee is shortened by his death from any cause not resulting from the injury for which he was receiving compensation. Iowa Code § 85.31(4) (1981). In the absence of other qualified dependents, a benefit period for a dependent spouse is shortened by that person's death or remarriage. Iowa Code § 85.43 (1981).

2. Appellants suggest that work-life expectancy is no more speculative than the matters of life-expectancy and probability of remarriage which the legislature has permitted to be shown by tables. This argument ignores the fact that the application of such tables is only permitted in commutation cases. Uncommuted weekly benefits are not dependent on probabilities. They will continue for the period established by law unless death or remarriage actually occurs.

erred in approving a ten percent discount rate. The industrial commissioner rejected appellants' contentions that the process of discounting the periodic benefits to present worth requires the compounding of interest. The commissioner relied on an opinion of the attorney general which indicated that judgments bear simple interest rather than compound interest. *See* 1916 Op. Iowa Att'y Gen. 106.

We believe that section 85.45 clearly indicates that the goal of commutation is to commute to a present worth lump sum the total of the probable future payments capitalized at the rate provided by statute (in the present case ten percent). In analogous situations involving discounting awards to present worth, we have opted in favor of a compound interest factor. *See Mallinger v. Brussow*, 252 Iowa 54, 59, 105 N.W.2d 626, 630 (1960). The difference between using simple and compounded interest in calculating reduction to present worth could amount to several thousands of dollars in a given case. We believe that a compound interest factor more nearly accords with a sound annuity basis than a factor which involves only simple interest. *See, e.g.,* 3 A. Larson, *The Law of Workmen's Compensation* § 82.71, at 15–591 (1983) ("should be calculated on a sound annuity basis"); *Pray v. Narragansett Im-*

*provement Co.,* R.I., 434 A.2d 923, 931 (1981) (present value connotes discounting of "the award to that amount which, if presently received, could be invested [in a reasonable and secure manner] in order to yield the future sum"). Based on the foregoing considerations, we believe the commissioner applied an improper legal standard in equating the discount factor with interest recoverable upon judgments. We further believe that a compound interest factor more nearly accords with the legislative intent which produced the applicable statutory provisions.

The judgment of the district court is affirmed with respect to all issues except the discount rate to be employed in reducing the future benefits to present worth for purposes of effecting a lump sum commutation. As to the latter issue, the judgment is reversed and the proceeding is remanded to the industrial commissioner for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART.