**FRENCH & HECHT,**
**Plaintiff–Appellant,**

v.

**Carl ARLINGDALE,**
**Defendant–Appellee.**

**No. 87–1585.**

Court of Appeals of Iowa.

Sept. 28, 1988.

Larry L. Shepler and Vicki L. Seeck of Betty, Neuman & McMahon, Davenport, for plaintiff-appellant.

James M. Hood, Davenport, for defendant-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

DONIELSON, Presiding Judge.

In 1981 Arlingdale injured his neck while employed by French & Hecht. The employ-

er paid healing period benefits and by 1983 the industrial commissioner awarded to Arlingdale permanent and total disability. The employer, who is self-insured, continued making periodic payments according to a stipulation.

Shortly following the commissioner's award, Arlingdale filed his petition seeking to have the full award commuted to its present value and paid in a lump sum. After a hearing, a deputy industrial commissioner awarded commutation on October 4, 1985. The employer sought further agency review, but the industrial commissioner affirmed the deputy.

The employer next sought to challenge the agency's action by filing a petition for judicial review. The district court affirmed the order of commutation after denying employer's petition for remand based on newly-received evidence.

On appeal, employer makes three arguments: 1) the trial court abused its discretion when it denied employer's motion for remand without a hearing to determine the adequacy of the evidence; 2) that the failure to consider whether payment of claimant's future benefits in a lump sum will entail undue expense, hardship, and inconvenience upon the employer within the meaning of Iowa Code section 85.45(2) represents a denial of equal protection; and 3) since the claimant's actual life expectancy is shortened, the commutation should be reduced proportionately.

Our review of this matter is for corrections of error at law and limited by Iowa Code sections 17A.19 and 17A.20 (1987). The district court may grant any appropriate relief if substantial rights of the petitioner have been prejudiced because the agency action is in violation of constitutional or statutory provisions, Iowa Code § 17A.19(8)(a), or affected by other error of law. *Id.* § 17A.19(8)(e). The court must affirm the agency on a fact finding unless it is unsupported by substantial evidence. *Dameron v. Neumann Bros., Inc.*, 339 N.W.2d 160, 163 (Iowa 1983).

**I.** The employer contends the trial court abused its discretion and committed reversible error by denying the employer's mo-

tion for remand. The employee, Arlingdale, asserts that the industrial commissioner lacks subject matter jurisdiction in the case; therefore, the district court could not transfer the case back to the industrial commissioner. We find the district court was correct in denying the motion for remand.

The industrial commissioner affirmed the commutation award on April 14, 1987. Employer challenged this decision by filing a petition for judicial review on May 8, 1987. On August 15, 1987, employer filed an application for review/reopening of the award of permanent total disability. Thus, employer argues, there is no final non-appealable award of commutation and the case should be remanded.

We disagree. The Iowa Code chapter on Workers' Compensation provides that:

> An award for payments or an agreement for settlement ..., where the amount has *not been commuted*, may be reviewed upon commencement of reopening proceedings by the employer or employee within three years from the date of the last payment of weekly benefits made under the award.

Iowa Code § 85.26(2) (emphasis added).

■■ The industrial commissioner retains jurisdiction "until there is a commutation, a failure of the claimant to make a timely request for review, or a proper or legal discharge." *Bergen v. Waterloo Register Co.*, 260 Iowa 833, 839, 151 N.W.2d 469, 472 (1967) (Interpreting Iowa Code section 86.34 (1958) which is similar to the current version of section 85.26(2).) The commissioner loses jurisdiction over the case once a notice of appeal has been filed. *Polson v. Meredith Publishing Co.*, 213 N.W.2d 520, 524 (Iowa 1973).

■■ The notice of appeal in this case was filed prior to the motion to remand. Jurisdiction was proper in the district court. The court considered the tendered evidence, but found it to be "nothing new." The court found it to be "evidence which was always there and simply not obtained by the plaintiff in a timely manner."

The tendered evidence was a doctor's statement attached to employer's petition. The court did not consider additional evidence which employer claims to have but did not present to the court. An oral hearing was scheduled for and held on October 9, 1987. No one appeared on behalf of employer. Employer cannot now complain about evidence it should have produced, but did not.

Employer also challenges the standard the court applied to the evidence it did consider. The court said the evidence "does not deal with the basic issue as to whether or not there was a change in the physical condition of the defendant." Employer argues the standard is not only one of physical change, but includes other factors used to compute industrial disability, such as evidence of incapacity.

■ It is true that a change in industrial disability may occur without a change in physical condition. *Blacksmith v. All-American, Inc.*, 290 N.W.2d 348, 350 (Iowa 1980). A change in earning capacity subsequent to the original award may justify a review/reopening. *Id.* However, the only evidence presented to the court was a doctor's report dealing with physical condition. Therefore, the district court did not apply an incorrect standard to the evidence presented. The trial court did not abuse its discretion and commit reversible error by denying employer's motion to remand the case to the industrial commissioner.

■ II. Employer argues that claimant's commutation represents an unreasonable deprivation of property without due process of law based on two grounds. First, that failure to consider whether payment of claimant's future benefits in a lump sum will entail undue expense, hardship, and inconvenience upon employer within the meaning of Iowa Code section 85.45(2) represents a denial of equal protection.

Iowa Code section 85.45 provides that: Future payments of compensation may be commuted to a present worth lump sum payment on the following conditions:

\*   \*   \*   \*   \*   \*

(2) When it shall be shown to the satisfaction of the industrial commissioner that such commutation will be for the best interest of the person or persons entitled to the compensation, or that periodical payments as compared with a lump sum payment will entail undue expense, hardship or inconvenience upon the employer liable therefor.

It has already been established that "commutation turns on what is in the best interest of the worker, not on what is in the best interest of the employer or insurance carrier." *Dameron v. Neumann Bros., Inc.*, 339 N.W.2d 160, 165 (Iowa 1983). The best interest analysis involves balancing the worker's preference and the benefits to the worker of receiving a lump sum payment weighed against the potential detriment that would result if the worker invested unwisely, spent foolishly, or otherwise wasted the funds. *Id.* at 164–65. This analysis does not include the hardship to the employer from commutation. The statute says nothing about denying commutation because of expense, hardship or inconvenience to the employer. *Diamond v. Parsons Co.*, 256 Iowa 915, 928, 129 N.W. 2d 608, 616 (1964).

As an alternate ground, commutation is allowed upon proof of undue expense to the employer from having to make periodic payments. Iowa Code section 85.45(2). This is a separate ground for allowing commutation, not a factor to be balanced. It is this court's role to construe this statute based on what the legislature said, not on what it should or might have said. A reasonable interpretation of the statute does not require consideration of the employer's hardship from commutation. This interpretation is consistent with the theory behind workers' compensation, which is to benefit the worker insofar as the statutory requirements permit. *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 188 (Iowa 1980).

This interpretation of the statute does not violate equal protection. Equal protection guarantees that all people will be treated alike under like circumstances and

conditions. States may pass laws treating people differently when the laws are applicable to persons within a class if such classification is reasonable and not arbitrary. *State v. Haines*, 360 N.W.2d 791, 795 (Iowa 1985). Employers and employees are in different classifications under workers' compensation laws. *See* Iowa Code § 85.61(1) and (2). These classifications are rationally related to furthering the purpose of workers' compensation. Therefore, it is not required that employers and employees be treated equally in this situation. Employer has not been denied equal protection under Iowa Code section 85.45(2).

The second basis asserted for the denial of due process claim is that the granting of a full commutation to claimant in light of claimant's shortened actual life expectancy constitutes an arbitrary and capricious application of the statutory standard for granting commutation. The *Diamond* case specifically rejected using one's actual life expectancy for determining the period during which compensation would be payable. 256 Iowa at 928, 129 N.W.2d at 616. Actual life expectancy is however a factor to be considered in determining the best interest of the employee. *Id.*

These principles were reaffirmed in *Dameron*, 339 N.W.2d at 165. Furthermore, the legislature approved the use of mortality tables in commutation cases due to the complexity and speculation that would otherwise be involved. *Sidles Distributing Co. v. Heath*, 366 N.W.2d 1 (Iowa 1985) (rejecting concept of work life expectancy). The tables provide a standard for the court, eliminating the task of speculating about people's actual lives. We find the use of the tables in this case consistent with the legislative intent, and their use here is not arbitrary or capricious.

In conclusion, we find the district court correctly applied the law to this case. Therefore, we affirm the decision below.

AFFIRMED.