# IN THE COURT OF APPEALS OF IOWA

No. 19-0738
Filed July 22, 2020

**BRETT VANGETSON,**
      Petitioner-Appellant,

**vs.**

**AERO CONCRETE, LTD. and WESCO INSURANCE COMPANY,**
      Respondents-Appellees.

_____

**SHERILYN FASIG-SNITKER,**
      Petitioner-Appellant,

**vs.**

**BIRDNOW ENTERPRISES, INC. d/b/a**
**BIRDNOW MOTORS and SEABRIGHT INSURANCE CO.**
      Respondents-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

Appellants appeal a ruling on judicial review affirming agency action.

**AFFIRMED.**

Laura Schultes and Emily Anderson of RSH Legal, P.C., Cedar Rapids, for appellants.

Nicholas J. Pellegrin and Andrew T. Tice of Ahlers & Cooney, P.C., Des Moines, for appellees Aero Concrete, LTD and Wesco Insurance Company.

L. Tyler Laflin of Engles, Ketcham, Olson & Keith, P.C., Omaha, Nebraska, for appellees Birdnow Enterprises, Inc. d/b/a Birdnow Motors and Seabright Insurance Co.

Heard by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

Appellants Brett VanGetson and Sherilyn Fasig-Snitker appeal a district court ruling on judicial review affirming the dismissal of their petitions for partial commutation of future payments of workers' compensation. They argue the agency's interpretation of the commutation statute is improper and the dismissal of their commutation petitions violates their constitutional rights to due process and equal protection.

## I.      Background Facts and Proceedings

In early March 2017, VanGetson and Fasig-Snitker filed arbitration petitions with the workers' compensation commissioner. VanGetson's petition identified the nature and extent of his disability as "[u]ndetermined" and noted the disputed issues to include, among others, the nature and extent of his disability, "comp rate," healing period, and the date of the injury. Fasig-Snitker's petition stated the nature and extent of her disability as "undetermined at this time" and likewise identified the disputed issues to include "comp rate," the nature and extent of her disability, healing period, and the date of her injury.

At the time they filed their petitions, the Iowa Code allowed for commutation of future payments of compensation to a present worth lump sum payment "[w]hen the period during which compensation is payable can be definitely determined" and the workers' compensation commissioner was satisfied "that such commutation will be for the best interest" of the recipient of benefits "or that periodical payments as compared with a lump sum payment will entail undue expense, hardship, or inconvenience upon the employer liable therefor." Iowa Code § 85.45(1)(a), (b) (2016).

In late March, the general assembly passed, and the governor approved, statutory amendments to section 85.45. 2017 Iowa Acts ch. 23, §§ 16–17. One of the amendments required that commutation would be allowed "only upon application of a party to the commissioner and upon written consent of all parties to the proposed commutation or partial commutation." *Id.* § 16. The legislation provided the amendments to other statutory provisions would "apply to injuries occurring on or after" the act's effective date—July 1, 2017[1]—and amendments to section 85.45 would "apply to commutations for which applications are filed on or after the effective date." *Id.* § 24.

On June 19 and 23, VanGetson and Fasig-Snitker respectively filed petitions for partial commutation. A deputy commissioner entered an order dismissing VanGetson's petition, concluding the record was inadequate to determine the period during which compensation was payable could be definitely determined. The deputy also concluded "that an award or settlement is a condition precedent" to a request for commutation. In July, another deputy likewise dismissed Fasig-Snitker's petition for partial commutation, concluding the petition was premature absent settlement or an arbitration award and the record was inadequate for the period of compensation to be definitely determined. Both appellants appealed to the commissioner, who found the appeals to be interlocutory and dismissed the appeals. Both appellants petitioned for judicial review, which resulted in remands from the district court for the purpose of entering

---

[1] *See* Iowa Const. art. 3, § 26 ("An act of the general assembly passed at a regular session of a general assembly shall take effect on July 1 following its passage unless a different effective date is stated in an act of the general assembly.").

rulings. In September 2018, the commissioner concluded the commutations were premature absent an arbitration award or settlement and dismissed the petitions without prejudice.

In October, the appellants, and others, filed a joint petition for judicial review. In their ensuing brief, the appellants argued, among other things, the dismissal of their commutation petitions violated their rights to due process and equal protection and the agency misinterpreted Iowa Code section 85.45. Following a hearing, the district court affirmed the agency's dismissal of the commutation petitions. The court concluded the agency correctly dismissed the commutation petitions without prejudice because they were not ripe for adjudication. As to the constitutional claims, the court essentially concluded the claims were not ripe because the appellants had yet to file commutation petitions after the effective date and therefore within the purview of the amendments to section 85.45, the respondents had not refused to consent to commutation, and thus the appellants had no basis to argue "something has been lost." As noted, the appellants appeal.[2]

## II.    Standard of Review

"Judicial review of agency decisions is governed by Iowa Code section 17A.19" (2018).[3] *Brakke v. Iowa Dep't of Nat. Res.*, 897 N.W.2d 522, 530 (Iowa

---

[2] The appellees in Fasig-Snitker's appeal argue her appeal is moot because she received an arbitration award that was paid in a lump sum, so she essentially got what she is asking for in this appeal. However, her award is currently pending on judicial review. In any event, VanGetson's appeal raises identical issues so we will address them.

[3] References in this opinion to Iowa Code chapter 17A are to the version of the code in force when the petition for judicial review was filed, 2018. Unless otherwise noted, references to chapter 85 are to the version of the code in force when the claim for benefits was filed with the commissioner, 2017.

2017) (quoting *Kay-Decker v. Iowa State Bd. of Tax Review*, 857 N.W.2d 216, 222 (Iowa 2014)); *accord Warren Props. v. Stewart*, 864 N.W.2d 307, 311 (Iowa 2015). The district court acts in an appellate capacity in judicial-review proceedings. *Iowa Med. Soc'y v. Iowa Bd. of Nursing*, 831 N.W.2d 826, 838 (Iowa 2013) (quoting *City of Sioux City v. GME, Ltd.*, 584 N.W.2d 322, 324 (Iowa 1998)). On appeal, this court "appl[ies] the standards of section 17A.19(10) to determine if we reach the same results as the district court." *Brakke*, 897 N.W.2d at 530 (quoting *Renda v. Iowa Civil Rights Comm'n*, 784 N.W.2d 8, 10 (Iowa 2010)); *accord Des Moines Area Reg'l Transit Auth. v. Young*, 867 N.W.2d 839, 842 (Iowa 2015). Relief in a judicial-review proceeding is appropriate only "if the agency action prejudiced the substantial rights of the petitioner and if the agency action falls within one of the criteria listed in section 17A.19(10)(a) though (n)." *Brakke*, 897 N.W.2d at 530.

"Our review of a decision of the workers' compensation commissioner varies depending on the type of error allegedly committed by the commissioner." *Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 196 (Iowa 2010). We review the commissioner's legal interpretation of statutes for errors at law, without deference. *See Bluml v. Dee Jay's Inc.*, 920 N.W.2d 82, 84 (Iowa 2018). We review constitutional claims de novo. *Pfaltzgraff v. Iowa Dep't of Human Servs.*, 944 N.W.2d 112, 115 (Iowa 2020).

III.    **Analysis**

A.    Statutory Interpretation

The appellants argue the agency's interpretation of section 85.45 "violates multiple tenets of statutory construction." The general argument is that the agency and district court's determinations that a final arbitration award or settlement is a

condition precedent to a petitioner's ability to file a petition for commutation are erroneous.

At the time the appellants filed their commutation petitions, the commutation statute provided, in relevant part, the following:

> 1. Future payments of compensation may be commuted to a present worth lump sum payment on the following conditions:
> a. When the period during which compensation is payable can be definitely determined.
> b. When it shall be shown to the satisfaction of the workers' compensation commissioner that such commutation will be for the best interest of the person or persons entitled to the compensation, or that periodical payments as compared with a lump sum payment will entail undue expense, hardship, or inconvenience upon the employer liable therefor.

Iowa Code § 85.45 (2016). In *Diamond v. Parsons Co.*, our supreme court considered a prior version of section 85.45 in an appeal in which the appellants challenged a "finding that the period during which compensation [was] payable was definitely determinable." *See* 129 N.W.2d 608, 612 (Iowa 1964). At that time, the commutation statute provided:

> Future payments of compensation may be commuted to a present worth lump sum payment on the following conditions:
> (1) When the period during which compensation is payable can be definitely determined.
> (2) When the written approval of such commutation by the industrial commissioner has been filed in the proceedings to commute.
> (3) When it shall be shown to the satisfaction of the court or a judge thereof that such commutation will be for the best interest of the person or persons entitled to commutation, or that periodical payments as compared with a lump sum payment will entail undue expense, hardship, or inconvenience upon the employer liable therefore.

Iowa Code § 85.45 (1958).[4] The court concluded that applications for commutation cannot be heard "without a hearing on the merits or an agreement between the parties as to the duration of the disability and the amount of the award." *Diamond*, 129 N.W.2d at 615 (quoting *Lowery v. Iowa Packing Co.*, 106 N.W.2d 71, 73 (Iowa 1960), *abrogated on other grounds by Groves v. Donohue*, 118 N.W.2d 65, 69 (Iowa 1962)). The court emphasized its prior holding that "*to confer jurisdiction . . . to order a commutation, there must first have been an agreement by the parties or a finding and award by the commissioner fixing definitely the period of disability and the amount due in weekly payments*." *Id.* (quoting *Lowery*, 106 N.W.2d at 73).

---

[4] At that time, proceedings for commutation were initiated by the filing of a commutation petition with the district court. Iowa Code § 85.46 (1958). The court then determined the matter in equity. *Id.* The parties were allowed to waive presenting the petition to the district court and have commutation approved and ordered by the industrial commissioner. *Id.*

The statute was amended in 1963 to include a new fourth subsection concerning minor employees, which is not relevant here. *See* 1963 Iowa Acts ch. 88, § 2 (codified at Iowa Code § 85.45 (1966)). Irrelevant language amendments were made in 1967. *See* 1967 Iowa Acts ch. 400, § 12 (codified at Iowa Code § 85.45 (1971)). It was amended in 1970 to strike subsection two, which required written approval of the industrial commissioner, renumber the subsections accordingly, and require the satisfaction of the industrial commissioner, rather than the court. *See* 1970 Iowa Acts ch. 1051, § 14 (codified at Iowa Code § 85.45 (1971)). Section 85.46 was also amended to require petitions for commutation to be filed with the industrial commissioner. *Id.* §15 (codified at Iowa Code § 85.46 (1971)). Another new subsection, concerning widows and widowers, was added by 1973 legislation. *See* 1973 Iowa Acts ch. 144, § 18 (codified at Iowa Code § 85.45 (1975)). Yet another new subsection, concerning inmates, was added in 1978. 1978 Iowa Acts ch. 1036 § 3 (codified at Iowa Code § 85.45 (1979)). Another amendment irrelevant to this appeal was made in 1996. *See* 1996 Iowa Acts ch. 1129, § 19 (codified at Iowa Code § 85.45 (1997)). The language "industrial commissioner" was modified to "workers' compensation commissioner" in 1998. *See* 1998 Iowa Acts ch. 1061, § 11 (codified at Iowa Code § 85.45 (1999)). The sections and subsections were renumbered in 2008. *See* 2008 Iowa Acts ch. 1032, § 171 (codified at Iowa Code § 85.45 (2009)). As discussed above, it was most recently amended in 2017.

The version of the statute considered in *Diamond* and the one under which the appellants filed their commutation petitions both require the following as a condition precedent to commutation: that "the period during which compensation is payable can be definitely determined." The *Diamond* court interpreted said statutory language to require "*an agreement by the parties or a finding and award by the commissioner fixing definitely the period of disability and the amount due in weekly payments.*" *Id.* (quoting *Lowery*, 106 N.W.2d at 73). The court also rejected "the contention that the district court may *hear* applications for commutation without a hearing on the merits or an agreement between the parties as to the duration of the disability and the amount of the award." *Id.* (emphasis added) (quoting *Lowery*, 106 N.W.2d at 73). Absent a settlement agreement or arbitration award, the decision maker, the district court, had no jurisdiction to consider commutation. *Id.* While the decision maker is now the commissioner, as opposed to the district court, we see no reason why this requirement for jurisdiction to hear or order commutation would not continue to apply. While we agree with the appellants that chapter 85 is to be interpreted liberally in favor of the worker, *Griffin Pipe Prods. Co. v. Guarino*, 663 N.W.2d 862, 865 (Iowa 2003), the supreme court has already interpreted the statutory language at issue in this appeal, and this court is in no position to overrule supreme court precedent. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

While we agree the statute and agency rules provide no procedural guidance concerning when a commutation petition can be filed, what is clear from *Diamond* is that an arbitration award or settlement is a jurisdictional prerequisite necessary for the decision maker to consider a commutation petition. While not

specifically stated in *Diamond*, there is no jurisdiction because, absent a determination of the period during which compensation is payable, by agreement or administrative decision, the issue of commutation is not ripe for adjudication.

The appellants claim requiring an arbitration award or settlement is a result of improperly reading the statute as requiring the compensation period to "*have been determined*," as opposed to "*can be determined*." *See* Iowa Code § 85.45(1)(a). But, again, we are guided by the *Diamond* court's previous interpretation of the statutory language. And the argument is of no consequence under the circumstances of this case. There were several disputed issues in each of the appellant's cases. The compensation period could have only been determined after litigation of those issues or settlement.

Next, the appellants claim an award or settlement only control when the commissioner may order commutation, not when a commutation petition may be filed. They suggest filing of the petition and staying of its consideration by the commissioner until the appropriate time is allowed. However, as noted, absent an award or settlement, the matter of commutation is not ripe, and when a claim is not ripe for adjudication, it must be dismissed. *See, e.g.*, *Iowa Coal Mining Co., Inc. v. Monroe Cty.*, 555 N.W.2d 418, 432 (Iowa 1996).

Finally, the appellants argue the interpretation of section 85.45 by the commissioner and district court is improper because it renders section 85.48 superfluous. The appellants base this argument on our decision in *Pilgrim's Pride Corp. v. Eakins*, a matter in which we considered the latter statute. *See generally* No. 12-0901, 2013 WL 264330 (Iowa Ct. App. Jan. 24, 2013). But there, we only concluded "the proper date to use to determine the applicable interest rate for the

commutation calculation is the date of the commissioner's decision." *Id.* at \*5. We find nothing in that case or the interpretation of section 85.45 by the agency and district court that renders section 85.48 superfluous.

In any event, regardless of whether an arbitration decision or settlement is required, the record is clear that there were several disputed issues in each proceeding and the period during which compensation was payable could not be definitely determined because those issues needed to be litigated in order to make such a determination. The petitions were therefore not ripe and dismissal without prejudice was appropriate. We conclude the appellants' commutation petitions were not ripe for adjudication and thus affirm the initial dismissal of the petitions.

B. Constitutional Claims[5]

The appellants lodge various constitutional arguments. They argue the dismissal of the petitions eliminates their ability to proceed under the prior, less-restrictive version of section 85.45. But the petitions were dismissed under the prior version of the statute. The appellants have yet to proceed under the new statute and have yet to suffer any constitutional injury as a result of its application to them. The proper procedure to obtain standing is to proceed under the new statute and, if aggrieved, challenge its retroactive application to workers who were injured before the new statute's effective date. *See Horsfield Materials, Inc. v. City of Dyersville*, 834 N.W.2d 444, 452 (Iowa 2013) (noting standing requires a litigant to be "injuriously affected"); *see also United States v. Students Challenging*

---

[5] The appellants also claim the interpretation of section 85.45 by the commissioner and district court is impermissible because it violates their constitutional rights. We subsume that argument into their constitutional claims.

*Regulatory Agency Procedures*, 412 U.S. 669, 689 n.14 (1973) (noting the injury element requires "that a person be 'adversely affected' or 'aggrieved'"); *Hawkeye Foodservice Distrib., Inc. v. Iowa Educators Corp.*, 812 N.W.2d 600, 606 (Iowa 2012) (noting "the injury cannot be 'conjectural' or 'hypothetical,' but must be 'concrete' and 'actual or imminent'" (citation omitted)).  In any event, the district court did not consider the constitutionality of the new statute as applied to the appellants, and we will not do so for the first time on appeal.  To the extent the appellants argue the agency's dismissal of the commutation petitions was unconstitutional because it deprived them of the ability to proceed under the prior statute, we disagree.  There was nothing to be adjudicated, and dismissal was appropriate.

**IV.    Conclusion**

We affirm the district court's ruling on judicial review affirming the agency decision.

**AFFIRMED.**